JOSEPH KING, administrator, *vs.* MAX WEITZMAN.
SAME *vs.* HYMAN WEITZMAN.

Suffolk.     May 21, 1929. — May 31, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Negligence*, Contributory, Causing death. *Evidence*, Presumptions and burden of proof.

Although the testimony given by a witness called by the plaintiff in an action of tort for personal injuries was somewhat conflicting and there was evidence that he had made statements on other occasions differing from his testimony, it could not properly have been ruled as a matter of law that his testimony must be disregarded: the credibility of the witness was for the jury.

Where, in an action of tort by an administrator under G. L. c. 229, § 5, to recover for the death of his intestate due to his being struck by a motor vehicle of the defendant, a bill of exceptions presented by the defendant contained certain testimony bearing on the occurrence of the accident, but all the facts pertaining thereto were not

undisputed and nothing appeared as to the observation of the motor vehicle by the intestate, it could not properly have been ruled as a matter of law that the intestate was not in the exercise of due care or that he was guilty of contributory negligence.

It was not intended by the decision of this court in *Murphy* v. *Boston Elevated Railway,* 262 Mass. 485, to narrow the scope of G. L. c. 231, § 85, in actions under G. L. c. 229, § 5, as to either the presumption of due care of the deceased or the burden of proving contributory negligence resting upon the defendant; or to project into the face of § 85 the interpretation of due care contained in *Hudson* v. *Lynn & Boston Railroad,* 185 Mass. 510, 521. Per RUGG, C.J.

TWO ACTIONS OF TORT. Writs dated respectively December 22, 1925 and October 11, 1927.

The actions were tried together in the Superior Court before *P. J. O'Connell,* J. The accident described in the opinion happened in that part of Boston formerly Roxbury. Material evidence is stated in the opinion. At the close of the evidence the judge denied a motion by the defendant in each action that a verdict be ordered in his favor. The jury found for the plaintiff in the first action in the sum of $5,635, and in the second action in the sum of $5,094.17. The defendant in each action alleged exceptions.

*J. T. Pugh,* for the defendants.

The plaintiff was not called on.

RUGG, C.J. These are actions of tort under G. L. c. 229, § 5, to recover compensation for the death of the plaintiff's intestate, alleged to have been caused by the negligence of the driver of an automobile truck, one of the defendants, who, at the time of the accident, was the agent of the other defendant acting within the scope of his authority.

There was evidence tending to show that just before midnight on November 14, 1925, the automobile truck was being driven along Humboldt Avenue, a street running north and south in which there were two lines of street railway tracks, at a speed of possibly forty miles an hour; that Wyoming Street intersected Humboldt Avenue at right angles from the east, and nearly, but not exactly, opposite, Holworthy Street intersected Humboldt Avenue from the west; that, no horn being sounded, the automobile truck was turned without moderation of speed into Holworthy Street where the plain-

tiff's intestate, walking upon the crosswalk, was struck and received injuries from which he soon after died, never having recovered consciousness; that the plaintiff's intestate with his son was walking along Humboldt Avenue and had taken one or two steps upon the crosswalk when he was struck. The son testified that as they approached the crosswalk he observed the automobile truck one hundred fifty to two hundred feet away, proceeding in a northerly direction on Humboldt Avenue on its farther side. The testimony of the son as to what occurred after it was observed that the automobile truck was turning into Holworthy Street was somewhat conflicting, and there was evidence tending to show that he had made different statements on other occasions. It could not have been ruled as matter of law that his testimony must be disregarded. The testing of its credibility was for the jury. It was conceded in the bill of exceptions that the jury might properly find that the driver of the automobile truck was negligent, and that this negligence caused the injury complained of. The only question of law presented is whether the request for a directed verdict in favor of the defendant in each case ought to have been granted.

Plainly it could not have been ruled as matter of law that the plaintiff's intestate was guilty of contributory negligence and was lacking in due care. It is provided by G. L. c. 231, § 85, that in actions of this nature "the person . . . killed shall be presumed to have been in the exercise of due care, and contributory negligence on his part shall be an affirmative defence to be set up in the answer and proved by the defendant." This statute is precisely applicable to the facts here disclosed. All the facts concerning the injury are not shown beyond peradventure. The record is silent as to the observation by the plaintiff's intestate. The case at bar falls within the authority of *Mercier* v. *Union Street Railway*, 230 Mass. 397, 403, 404. *Sarmento* v. *Vance*, 231 Mass. 310. *Brennan* v. *Boston Elevated Railway*, 261 Mass. 318, 320. It was not intended, by anything that was said in *Murphy* v. *Boston Elevated Railway*, 262 Mass. 485, 487, to narrow the scope of G. L. c. 231, § 85, as to either the presumption of due care or the burden of proof respecting contributory negligence, or to

project into the face of this statute the interpretation of due care given in *Hudson* v. *Lynn & Boston Railroad*, 185 Mass. 510, 521. The presumption created by this statute is co-extensive with the burden of proof resting upon the plaintiff. It is not necessary to determine how far the doctrine of the *Hudson* case ever may be available in actions to which this statute is applicable. It is enough to say that the Hudson case is not 'relevant to the circumstances here revealed.

*Exceptions overruled.*