MARCUS J. MULROY, administrator, *vs.* ALEX MARINAKIS & another.

Suffolk.    May 14, 1930. — May 27, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Negligence*, Motor vehicle, In use of way, Contributory.

At the trial of an action of tort by an administrator to recover for the causing of the death of his intestate, there was evidence that the intestate was a man somewhat hard of hearing, between sixty-five and seventy years of age; that on a dark and drizzling night in November, when the street was slippery, he had left a garage, where he was employed, and had started to cross the street in front of it, where there were double street car tracks and was no crosswalk, when he was struck by a truck driven by the defendant; that the defendant, proceeding on the same side of the street from which the plaintiff's intestate had come, just before the accident had turned into the middle of the street to pass a parked automobile, and struck the intestate when the intestate was about sixteen and one half feet from the curb which he had left and in the street car tracks nearer thereto; that the truck was going "fast and not slow," and, after the collision, went some distance beyond the point of contact and then turned around and almost faced in the opposite direction from that in which it had been going; that after the collision the deceased was lying in the street car tracks of the side of the street away from the garage. *Held*, that the questions, whether the plaintiff was guilty of contributory negligence, and whether the defendant was negligent, were for the jury.

TORT for causing the death of Martin J. Mulroy, the plaintiff's intestate.    Writ dated January 19, 1927.

In the Superior Court, the action was tried before *Raymond*, J.    It appeared that the plaintiff's intestate was run into by a truck driven by the defendant Marinakis on

Centre Street in that part of Boston known as Jamaica Plain at a point in front of Beaufort Garage, which was on the westerly side of the street; the truck was proceeding in a southerly direction. Other material evidence is stated in the opinion.

At the close of the evidence, the defendants moved that a verdict be ordered in their favor. The motion was denied. There was a verdict for the plaintiff in the sum of $5,880. The defendants alleged exceptions which, after the death of *Raymond*, J., were allowed by *Gray*, J.

*G. W. Abele*, for the defendants.

*P. J. Madigan*, for the plaintiff.

SANDERSON, J. This is an action of tort for death of the plaintiff's intestate, resulting from a collision with a truck operated by the defendant Marinakis at about 7 P.M. on November 30, 1926. Upon the evidence the jury could have found that at the time of the accident the truck was being used in the business of the defendants, as partners, and was proceeding in a southerly direction on a street in Jamaica Plain. Shortly before the accident the driver was obliged to turn to his left to pass an automobile parked close to the sidewalk near the northerly end of the garage from which the plaintiff's intestate came, and at the time of the accident the truck was being driven with its left wheels between the south or outbound car tracks and with the right wheels between the nearer rail and curbing. At a point in front of the garage and a short distance south of the ramp leading to it the truck collided with the plaintiff's intestate, who had come down the ramp and was crossing the street diagonally to his right to a white post on the opposite side of the street in order to take an inbound electric car. The accident happened about seventy feet beyond the parked automobile which the defendants' automobile had passed. The plaintiff's intestate was a man somewhat hard of hearing, between sixty-five and seventy years of age, who worked at the garage, and was leaving for home. Rain had been falling during the day, the weather was drizzling and dark at the time of the accident, and the street was slippery. The width of the street at the point

of the collision was forty-two and one half feet, the distance
from the westerly curbing to the nearer rail of the outbound
track being fourteen feet and from the easterly curbing to
the nearer rail of the inbound track thirteen and one half
feet. The street for a distance of two or three hundred
feet on both sides of the garage was straight and level.

There was testimony tending to prove that the intestate
was struck when he was about in the middle of the outbound
car tracks at a point about sixteen and one half feet from
the westerly curb which he had left, and that the truck
was going "fast and not slow"; that after the collision the
two rear wheels were up on the curb on the further side of
the street, partly on the sidewalk, the truck having gone
some distance beyond the point of contact and then turned
around and almost faced in the opposite direction from
that in which it had been going; that after the collision
the deceased was lying between the inbound tracks; and
that there is no cross walk in front of the garage.

The defendant Marinakis testified that the lights of the
truck were on and that he had an unobstructed view of the
street as he came along; that he did not see the plaintiff's
intestate before he was struck, but did notice what looked
like a shadow near the middle of the front right mudguard;
that he immediately applied his brakes and steered to the
left; that the brakes were in perfect working condition, and
that he was travelling not more than fifteen miles per hour;
that when he applied the brakes and steered to the left he
heard a crash of broken glass of the sliding door on his
right; that the truck skidded.

The defendants' motion for a directed verdict was de-
nied, subject to their exception, and the jury found for the
plaintiff.

All of the facts bearing on the due care of the deceased
were not presented by the evidence, and the question
whether the defendants had maintained the burden of proof
on this issue was rightly submitted to the jury. G. L. c. 231,
§ 85. *Mercier* v. *Union Street Railway*, 230 Mass. 397, 404.
*Gauthier* v. *Quick*, 250 Mass. 258. *Hicks* v. *H. B. Church
Truck Service Co.* 259 Mass. 272, 276. *Hepburn* v. *Walters*,

263 Mass. 139, 141. *Donovan* v. *Mutrie,* 265 Mass. 472. *King* v. *Weitzman,* 267 Mass. 447. *O'Connor* v. *Hickey,* 268 Mass. 454. The jury could have inferred from the position of the body of the deceased after the accident that he was not hit by the right side of the truck but by some part of it which caused him to be thrown toward the left of the vehicle. The question, whether the driver of the truck in the exercise of due care should have seen the deceased in time to avoid the accident by stopping or by passing behind him, was one of fact for the jury. *Jean* v. *Nester,* 261 Mass. 442, 444. Negligence of the defendants might also have been found because of the driver's failure to comply with the statutory requirement that upon approaching a pedestrian upon the travelled part of the way every person operating a motor vehicle shall slow down and give a timely signal. G. L. c. 90, § 14. *Creedon* v. *Galvin,* 226 Mass. 140, 142. Other grounds upon which it is contended that the defendants were negligent need not be considered.

*Exceptions overruled.*