ANNIE M. GRIFFIN, administratrix, *vs.* THOMAS F. FEENEY.

Suffolk.   May 13, 1932. — June 28, 1932.

Present: RUGG, C.J., WAIT, FIELD, & DONAHUE, JJ.

*Negligence,* Motor vehicle, Contributory, In use of way.   *Evidence,* Presumptions and burden of proof.   *Proximate Cause.*

Evidence, at the trial of an action by an administrator for the conscious suffering and death of the plaintiff's intestate, showing in substance that the plaintiff, a pedestrian, while crossing a well lighted street on a clear night, was struck by an automobile operated at twenty-five miles an hour by the defendant, who had an unobstructed view of the street for a considerable distance ahead of him and could have seen the intestate, but did not see him until he was right in front of the automobile, and who did not change the speed or course of the automobile, nor stop it, until he had gone some distance after striking the intestate, warranted a finding that the defendant was negligent.

There was further evidence at the trial above described that the intestate stopped a few feet from the curb to let another automobile pass him; and that he then started again on his course across the street, the defendant's automobile then being one hundred twenty-five to one hundred fifty feet away.   There was no evidence concerning the intestate's conduct from that point until he was seen in front of the defendant's automobile.   A witness testified that he "inferred" that the intestate "must have run" in the second portion of his journey in order to arrive at the point which he had reached when struck. *Held,* that

(1) It could not have been ruled that there was a causal relation between the accident and the intestate's conduct up to the time when he stopped to let the other automobile pass, whatever such conduct may have been;

(2) It was for the jury to say whether the witness's "inference" was correct in view of the testimony as to the distances travelled to the point of collision by the intestate and by the defendant's automobile and as to the speed of the automobile;

(3) All the facts concerning the intestate's conduct not being in evidence, it could not properly have been ruled as a matter of law that the defendant had maintained the burden, imposed upon him by G. L. c. 231, § 85, of proving that the intestate was guilty of contributory negligence.

TORT for the conscious suffering and the death of the plaintiff's intestate.   Writ dated February 1, 1929.

The action was tried in the Superior Court before *Hanify*, J. Material evidence is stated in the opinion. The judge denied motions by the defendant that a verdict be ordered in his favor on each count of the declaration. There was a verdict for the plaintiff in the sum of $400 on the count for conscious suffering, and a verdict for the plaintiff in the sum of $5,346.64 on the count for death. The defendant alleged exceptions.

*W. A. Thibodeau*, for the defendant, submitted a brief.

*R. J. Walsh*, for the plaintiff.

DONAHUE, J. The plaintiff's intestate Frank O. Griffin, aged seventy-four, while crossing Chelsea Street, Charlestown, near its intersection with Medford Street at about 6:45 P.M. on the evening of December 23, 1928, was struck by an automobile driven by the defendant receiving injuries which resulted in his death. The plaintiff's declaration contained counts for the recovery of damage for conscious suffering of the decedent and for his death. There was a verdict for the plaintiff on both counts. The defendant's exceptions to the failure of the trial judge to direct a verdict for him on each count are here considered.

On the evidence most favorable to the plaintiff the jury were warranted in finding that Chelsea Street, which runs north and south, is forty or fifty feet wide and bears two street railway tracks located approximately in the center of the street; that Medford Street, which enters Chelsea Street from the west, is thirty feet wide; that the intersection of the two streets was well lighted, the streets were dry and the night was clear; that the defendant, who was thoroughly familiar with the locality both by day and by night, was driving an automobile northerly on Chelsea Street; he was one hundred twenty-five to one hundred fifty feet away from the place of the collision and proceeding at the rate of twenty-five miles an hour when Griffin and one Gordon, who together had left the curb near the southwesterly corner of the two streets and were proceeding easterly to cross Chelsea Street, had arrived and stopped at a point fifteen feet or so from the curb at or near the westerly rail of the nearer of the two street

railway tracks; that the left wheels of the defendant's automobile were travelling in the easterly rail of the easterly track and there was an unobstructed area of eleven feet between the right side of the defendant's automobile and the easterly curb of the street; that the defendant as he approached had no difficulty in seeing the street for quite a distance ahead of him, there was nothing to obstruct his view of the two pedestrians if he had looked; that he did not see either of them until he saw Griffin right in front of him; that he made no change in the speed or course of his automobile until he had gone fifteen feet or more from the point where the left front of it had struck Griffin; and that he finally came to a stop at least thirty-five feet from the point of the collision.

The evidence warranted the jury in finding that the defendant was negligent. He should have slowed down because he was approaching pedestrians in the street. St. 1928, c. 166. *Donovan* v. *Mutrie*, 265 Mass. 472, 477. It might have been found that "having regard to traffic and the use of the way and the safety of the public" he was running his motor vehicle at a speed greater than was reasonable and proper at that time and place. G. L. c. 90, § 17. *Rasmussen* v. *Whipple*, 211 Mass. 546, 548. *Di Rienzo* v. *Goldfarb*, 257 Mass. 272, 280. Without reference to any statute it might have been found by the jury that the defendant violated the general obligation as to using care which the law put upon him. With one third of the entire width of the street to the east of the point where Griffin was struck free and unobstructed according to the defendant's testimony (*Gauthier* v. *Quick*, 250 Mass. 258, 261), and with no change in the course or speed of the automobile (*Walsh* v. *Gillis*, 276 Mass. 93, 96–97), he utterly failed to see the two pedestrians in the act of crossing the well lighted street ahead of him when he could and should have seen them. *Gray* v. *Batchelder*, 208 Mass. 441, 442. *Alpert* v. *Ellis*, 236 Mass. 404, 405. *Mulroy* v. *Marinakis*, 271 Mass. 421, 423. *Arnold* v. *Colbert*, 273 Mass. 161, 164. *Rizzo* v. *Ahern*, 278 Mass. 5, 6–7.

There was evidence of the movements of Griffin from the

time he left the westerly curb until he arrived at the westerly rail of the first track, a distance of about fifteen feet. There his companion called his attention to the automobile of one Crosby which had been travelling north on Chelsea Street and was making a short left turn into Medford Street. They both stopped and waited for it to pass. It clearly could not have been ruled that the conduct of Griffin up to the time he stopped was lacking in due care. For that matter, whatever was his conduct as to using care up to that point, it could not have been ruled that it played a causal part in bringing about the collision. After stopping, Griffin started again on his course across the street at a time when the defendant's automobile was one hundred twenty-five to one hundred fifty feet away. Griffin went about fifteen feet more, which brought him across the center line of the street and upon that portion of the highway where dangers from traffic proceeding north, as the defendant was going, should have been particularly anticipated and guarded against by him. So far as the evidence shows, no eye saw Griffin's movements from the time he left the place where he and Gordon had stopped at the most westerly rail of the two tracks until the defendant observed him in front of the automobile at the easterly rail of the easterly track. Gordon testified that although he did not see Griffin after the latter started on the second fifteen feet of his passage across the street he inferred that Griffin "must have run" in order to arrive at the point he had reached when struck. It was for the jury to say whether or not this was a correct inference. If the testimony as to the respective distances the automobile and Griffin were from the point where the collision occurred when Griffin started after his stop at the westerly rail and the testimony as to the speed of the automobile were believed, the jury might have found that the inference that Griffin "must have run" was incorrect. There was no evidence as to whether Griffin, in traversing the last fifteen feet he ever walked, looked or did not look toward the approaching automobile (*King* v. *Weitzman*, 267 Mass. 447, 449), relied to some extent or did not rely on its driver's

exercising some care for his safety (*Hepburn* v. *Walters*, 263 Mass. 139, 141), or whether he was moving or had stopped when the automobile struck him. Since all of the facts bearing on Griffin's conduct in the matter of using care did not appear in the evidence, the trial judge could not have ruled, as matter of law, that the defendant had maintained the burden of proving that Griffin was not in the exercise of due care. G. L. c. 231, § 85. *Mercier* v. *Union Street Railway*, 230 Mass. 397, 404. *Mulroy* v. *Marinakis*, 271 Mass. 421, 423. There was no error in denying the defendant's motions for a directed verdict.

*Exceptions overruled.*