RUTH DIRSA *vs.* WILBERT D. HAMILTON.

JOHN DIRSA *vs.* SAME.

Worcester.     September 27, 1932. — October 26, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & DONAHUE, JJ.

*Negligence*, Motor vehicle, In use of way, Contributory, Of child.

At the trial of an action of tort against the operator of an automobile for personal injuries sustained by the plaintiff, a girl five and one half years of age, there was evidence that previous to the accident, at dusk in the evening of a day in April, the plaintiff was crossing a public way thirty feet wide, that the automobile, with headlights lighted, approached from her right and that she was struck by its left side when she was two thirds of the way across the street. The defendant and his wife, who was in the automobile with him, testified in substance that the defendant was driving slowly because he was

acquainted with the neighborhood and knew that there were children on the street; that there was a truck in front of them parked on the right side of the street; and that the view of the street on the side from which the plaintiff approached was unobstructed. The defendant's wife testified that she saw the plaintiff leave the sidewalk on the defendant's left, starting slowly and then running. The defendant testified that he first saw the plaintiff when she appeared three and one half to four feet in front of his left front fender and she was running when she was struck by the front of his automobile; that he did not "make an effort to turn his car to the right or left to avoid the plaintiff but went straight on because he had to, since the truck was on his right and the plaintiff was coming from his left"; and he admitted that he had stated that he was "sorry that it happened," but that he had "thought she would get across"; that, at a time when he called to see the plaintiff, he had said he "was sorry . . . not to worry, everything will be taken care of." *Held*, that a finding of negligence on the part of the defendant was warranted.

At the trial of the action above described, there was evidence that the plaintiff's sight and hearing were good; that she had been attending a school in the neighborhood for about six months, going and coming and crossing the street in question unaccompanied by any older person; that previous to her injury she with her mother's permission had gone across the street to play and was returning at her mother's request when she was struck. The defendant and his wife testified that just before she was struck she "ran diagonally" toward the automobile "with her head looking straight ahead, sort of down." The defendant also testified that he first saw the plaintiff when she passed in front of his automobile. There was no evidence that the plaintiff did not look and observe such obstructions as there were to her safe passage across the street. *Held*, that

(1) The jury were not required as a matter of law to believe the testimony of the defendant and of his wife as to the way in which the plaintiff approached the automobile;

(2) The absence of affirmative testimony by the plaintiff or by witnesses in her behalf that she did look and that looking she relied to some extent for her safety on the due care of the defendant, did not take the place of affirmative proof on the part of the defendant, essential under G. L. (Ter. Ed.) c. 231, § 85, that the plaintiff was guilty of contributory negligence in that she did not use the degree of care for her own safety that a normal child of her age should exercise;

(3) A finding that the plaintiff was not guilty of contributory negligence was warranted.

Two ACTIONS OF TORT, the first for personal injuries sustained by the plaintiff when she was struck by an automobile operated by the defendant, and the second by her father for consequential damages. Writs dated June 10, 1929.

In the Superior Court, the actions were tried together before *O'Connell*, J. Material evidence and rulings by the trial judge are stated in the opinion. There was a verdict for the plaintiff in the first action in the sum of $3,000; and a verdict for the plaintiff in the second action in the sum of $1,200, of which, by agreement, all in excess of $952.50 was remitted by that plaintiff.

The defendant alleged exceptions.

*J. F. McGrath*, for the defendant.

*W. W. Buckley*, (*T. E. Marshall* with him,) for the plaintiffs.

PIERCE, J. These cases are actions of tort for personal injury sustained by the minor plaintiff, and for consequential damages sustained by her father, when Ruth Dirsa came in collision with a motor vehicle operated by the defendant on April 11, 1929, on Lafayette Street in Worcester. The cases were tried to a jury and all material evidence is stated in the bill of exceptions. At the conclusion of all the evidence the defendant filed motions in writing that the jury be directed to return a verdict for the defendant in each case. The judge denied the motions and the defendant duly excepted. The jury found for the plaintiff in each action, and the cases are before this court on the defendant's exceptions.

It was agreed between counsel "that the entire street [Lafayette Street] is forty-five feet wide, including sidewalks and that each sidewalk is seven and one half feet wide and that from the curb on the southerly side of the street to the edge of the sidewalk on the northerly side (there being no curb there) is thirty feet."

The evidence in its aspect most favorable to the plaintiffs' contentions warranted a finding of the following facts: The accident happened at about 7 P.M., April 11, 1929, at a point about fifty feet westerly from the intersection of Washington and Lafayette streets, and the minor plaintiff (hereinafter referred to as the plaintiff) was picked up about ten feet from the southerly curb and nearly opposite her home at number 15 Lafayette Street. Lafayette Street runs

from Washington Street in a westerly direction, is a main thoroughfare and much used by automobiles, and at the time of the accident the road surface was dry. The evening was dusky, tending to darkness, but objects and people could be distinguished for some distance. The automobile of the defendant and that of two policemen who witnessed the accident were lighted. Immediately before and at the time of the accident the only traffic in Lafayette Street was the defendant's automobile coming easterly, the policeman's automobile entering Lafayette Street and going westerly, and a truck about seven feet wide facing easterly which was parked about six inches from and parallel to the southerly curb; other than this parked truck no object interfered with the view in the street in either direction.

The wife of the defendant testified, and the jury could find, that she was sitting on the right hand side in the front seat of the automobile; that when the automobile was forty-five to sixty feet from the point of the accident she saw some children on Lafayette Street; that the automobile was then stopped; that as it was started up she saw a truck on her right hand side of the street, and two or three children playing on the sidewalk near it; that before the accident she saw the plaintiff standing on the outside of the northerly sidewalk talking with two other children; that she saw the plaintiff start across the street slowly and then start to run; that her husband's automobile had not reached the parked truck when she first saw the plaintiff but was about five feet away; that the plaintiff "ran diagonally with her head dropped," and was hit by the left hand side of the automobile; that there were no other vehicles in the street on the left hand or northerly side of the street except the automobile of the policeman.

The defendant testified, in substance, and the jury could find therefrom, that he knew the neighborhood where the accident occurred; that it was a tenement district in which there were a great many children; that he had been on Lafayette Street fifty or sixty times before the accident occurred; that on the day of the accident he

stopped at Scott Street to allow children playing in the street to pass, and further along he saw other children playing around a truck and he slowed down to a speed of about ten miles per hour; that he did not have a full view on his right side because of the presence of the truck; that there was nothing to obscure his view on his left side except the automobile of the policeman when it came around Washington Street; that he looked on the left hand side of the street and saw children there as his automobile was coming up; that he saw the plaintiff when she appeared three and one half to four feet in front of his left front fender and she was running when she was struck by the front of his automobile; that he did not "make an effort to turn his car to the right or left to avoid the plaintiff but went straight on because he had to, since the truck was on his right and the plaintiff was coming from his left."

The defendant did not deny in his testimony that, when the plaintiff was brought to her home, he said: "I am sorry that it happened, but I seen the girl but I thought she would get across. . . . She can run fast," nor did he deny that he later said when he called to see the plaintiff, "He . . . was sorry . . . not to worry, everything will be taken care of."

On the testimony of the defendant, his wife, and the mother of the plaintiff, the jury could have found that the defendant saw or should have seen the plaintiff as she left the sidewalk to cross the street, and that he should have recognized and appreciated that a collision was inevitable unless he stopped his automobile, and that he was blameworthy in that he made no effort so to do. The facts and inferences properly to be drawn therefrom presented the question of the defendant's negligence. This issue was rightly submitted by the trial judge to the jury. *Boni* v. *Goldstein,* 276 Mass. 372, 375.

The defendant raises the issue of the contributory negligence of the plaintiff and contends that, on the facts shown by the record, that defence is established. G. L. (Ter. Ed.) c. 231, § 85. *Duggan* v. *Bay State Street Railway,* 230

Mass. 370. The plaintiff at the time of the accident was about five and one half years old. Her sight and hearing were good. She had attended a kindergarten school since the September previous. To reach this school she would cross from the southerly side of Lafayette Street to the northerly side, move westerly on Lafayette Street, turn right into Scott Street, move along Scott Street, then across the street to Lamartine Street to the school house. The plaintiff made this trip from home to school and return unaccompanied by any older person. No evidence was offered to prove that the plaintiff was other than a normal child, physically and mentally. On the day she was injured, after supper at about 5:30 P.M., she told her mother that she was going across the street to play. There is no evidence that the mother opposed her going. At the suggestion of the plaintiff's father the mother called the plaintiff to return to her home. The fact that the plaintiff ran toward the defendant's automobile "with her head looking straight ahead, sort of down," as testified by the defendant, and the fact that she "ran diagonally with her head dropped," as testified by the defendant's wife, the jury in their consideration of the testimony could disregard properly, because of the defendant's testimony that he first saw the plaintiff when she passed in front of his automobile; and they could, with equal justification, find that the plaintiff did not put her head down until she had walked away from the sidewalk and had begun to run. In either case there is no evidence that the plaintiff did not look and observe such obstructions as there were to her safe passage across the street. Moreover, the testimony of the defendant and his wife in respect to the manner of her crossing might be entirely disbelieved; and the absence of affirmative testimony by the plaintiff or by witnesses in her behalf that she did look and that looking she relied to some extent for her safety on the due care of the defendant, does not take the place of affirmative proof on the part of the defendant that the plaintiff was guilty of contributory negligence in that she did not use the degree of care for

her own safety that a normal child of her age should exercise.

The negligence of the defendant and the due care of the plaintiff were issues of fact for the jury.

*Exceptions overruled.*