LUCIAN D. STACY, administrator, *vs.* THE DORCHESTER AWNING COMPANY, INC.

Essex.    May 21, 1934. — April 3, 1935.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence*, Motor vehicle, In use of way, Contributory, Due care of child. *Evidence*, Presumptions and burden of proof.

A finding that the defendant was negligent was warranted at the trial of an action against the operator of a motor truck for the death of a boy about six years of age, on evidence that the boy was struck by the truck in the middle of a highway; that he was at all times in view of the defendant while the truck was travelling the last two hundred feet before striking him; that the defendant saw the boy

at the left of the highway when the truck was fifty feet away from him, and saw him run across the highway from that side; that while it was travelling the two hundred feet the speed of the truck was increased until it was going eighteen to twenty-five miles an hour when the defendant first applied the brakes a few feet away from the boy; and that the defendant did not sound the horn of the truck.

Even if the jury at the trial above described believed testimony that the boy crossed the highway, stood momentarily at the right side thereof and then darted suddenly into the highway again in front of the truck when it was only a few feet away, and that he was struck near the right side of the highway, a finding that the defendant was negligent nevertheless was warranted because of the evidence that the boy was at all times in view of the defendant while the truck was travelling the last two hundred feet before striking him.

At the trial above described, it could not properly have been ruled as matter of law that the boy, about six years of age, was incapable of exercising care for his own safety while upon the highway unattended; therefore the plaintiff was entitled to the benefit of G. L. (Ter. Ed.) c. 231, § 85, and the burden was on the defendant to prove that the boy failed to exercise the care to be expected of a child of his age in like circumstances.

On all the evidence at the trial above described, it could not properly have been ruled that the boy was guilty of contributory negligence: the testimony that he darted suddenly into the highway in front of the truck was not binding on the plaintiff and might have been disbelieved by the jury, and the evidence upon which the plaintiff must rely to show the defendant's negligence did not require a finding that the boy also was negligent even if the testimony that he had come from the right side of the highway when struck were believed.

TORT for conscious suffering and the death of the plaintiff's intestate. Writ dated April 8, 1930.

The action was tried in the Superior Court before *Goldberg*, J. Material evidence is stated in the opinion. There was a verdict for the plaintiff on the count for death in the sum of $4,369.07, and a verdict for the plaintiff on the count for conscious suffering in the sum of $1. The defendant alleged exceptions.

*J. F. Doyle*, for the defendant.

*R. L. Sisk*, (*G. H. Shields* with him,) for the plaintiff.

FIELD, J. This is an action of tort brought by the administrator of the estate of Lucian D. Stacy, junior, to recover for the conscious suffering and death of the intestate alleged to have been caused by the negligent operation of a motor vehicle by the defendant's agent. The declaration is in two counts, one for conscious suffering and one for death. There

was a verdict for the plaintiff on each count. The case comes before us on the defendant's exceptions to the denial of its motions for directed verdicts and to the refusal of the judge to rule as requested.

There was no error.

There was evidence that the intestate, a boy about six years old, when on the highway was struck by a motor truck operated by the defendant's agent and died as a result.

The questions argued on the motions and the refusal to rule as requested are whether the evidence warranted a finding that the operator of the truck was negligent and whether recovery was barred by the contributory negligence of the intestate.

1. The evidence warranted a finding that the operator of the truck was negligent.

The evidence was contradictory in details but, in its aspect most favorable to the plaintiff, could have been found to show these facts: On a fair, clear day at about 1:50 P.M. the boy, being in the center of a paved highway twenty-nine (or thirty-three) feet wide, was struck by the right headlight of the defendant's truck. The truck went from six to ten feet after the brakes were applied before striking the boy and then went about twelve feet, going to the left of the highway and coming to a full stop with its front end at the edge of the pavement. Evidence of a "skid mark" in the highway tended to show that the truck went twenty-two feet after the brakes were applied. For a distance of about two hundred feet back from the place of the accident the view of the operator was not obstructed and while the truck was travelling this distance the boy was always in view of the operator. Throughout this distance the speed of the truck continued to increase until the brakes were applied. At the time the operator applied the brakes he was shifting gears from second to high and "coasting," and the speed of the truck was at least eighteen or twenty miles an hour. There was other evidence that the truck had attained a speed of twenty-five miles an hour. The operator had seen the boy at the left of the highway fifty feet ahead of the truck and saw him run across the highway from left to right. He saw

the boy "in his progress down the road." And the operator did not sound his horn. It could have been found that other motor traffic on the highway had nothing to do with the accident. On this evidence the conclusion was warranted that the operator failed to take reasonable precautions to avoid running down the boy. *Boni* v. *Goldstein*, 276 Mass. 372, 374–375. See *Clark* v. *Blair*, 217 Mass. 179.

An explanation of the accident to be deduced from the testimony was that the intestate, who was with another boy, having crossed the highway, reached the right edge of the pavement, stood there for an instant, ten or twelve feet from the truck, facing away from the highway, and then darted suddenly into the highway in front of the truck, going ten feet, to the point of impact, in the same time that the truck went the same distance. The jury were not bound to believe this explanation in whole or in part and if it was disbelieved the case was not left without evidence that the operator was negligent in running down the boy in the highway. But even if this explanation was believed the evidence that the boy was always in view of the operator takes the case out of the class of cases represented by *Sullivan* v. *Chadwick*, 236 Mass. 130, 137, where a child, previously hidden from the view of the operator, suddenly darts in front of a motor vehicle. And it could not have been ruled that the fact that the boy reached the edge of the pavement and remained there momentarily before going again upon the highway showed that his presence in the highway could not reasonably have been foreseen by the operator of the truck and relieved such operator of the duty resting upon him of using reasonable care to avoid running down a boy in the highway. *Ellis* v. *Ellison*, 275 Mass. 272, relied on by the defendant, is distinguishable.

2. It could not have been ruled as matter of law that recovery was barred by the contributory negligence of the intestate.

It could not have been ruled as matter of law that the intestate was too young to be allowed to go upon the highway unattended without negligence of his parents. *Miller*

v. *Flash Chemical Co.* 230 Mass. 419.   *Pinto* v. *Brennan,*
254 Mass. 298.   And the plaintiff was entitled to the bene-
fit of G. L. (Ter. Ed.) c. 231, § 85, which placed upon the
defendant the burden of proving that the boy failed to ex-
ercise the care of a child of his age under like conditions.
*DeFuria* v. *Mooney,* 280 Mass. 447, 449.   The case falls
within the rule that ordinarily a verdict cannot be directed
for the party having the burden of proof when the evidence
is oral.   The testimony as to the conduct of the boy was
not binding on the plaintiff and might have been dis-
believed.   *Dirsa* v. *Hamilton,* 280 Mass. 482, 487–488.
And the evidence on which the plaintiff must rely for
recovery did not require a finding that the boy was not
in the exercise of due care.   See *Conrad* v. *Mazman,* 287
Mass. 229, 234.   All the evidence, apart from the testimony
that the boy went suddenly upon the highway from the right
edge of the pavement, is consistent with his due care.   But
this testimony might have been disbelieved without de-
stroying the plaintiff's case.   Whether, if it was believed in
all its details, a finding of contributory negligence would
be required need not be decided.   However, in view of
the evidence that the boy was in the center of the highway
when struck by the truck, operated as shown, the testimony,
if believed, that he came from the right edge of the pave-
ment did not require a finding that in attempting to cross
the highway in front of the truck he could not have thought
reasonably, according to the standard of care applicable
to such a child, that he had time enough to cross the high-
way in front of the truck safely if the operator took the
precautions to prevent injuring him which he had a right
to expect the operator to take.   See *Boni* v. *Goldstein,* 276
Mass. 372, 376–377, and cases cited.

*Exceptions overruled.*