WINIFRED BIRCH *vs.* HARRY STROUT.

Norfolk. April 5, 1939. — April 12, 1939.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Negligence,* Due care of child, In use of way, Contributory, Motor vehicle. *Evidence,* Competency; Opinion: expert.

The mere fact that a girl was but six years of age did not require a ruling that she was too young to go unattended upon a public way or that she was incapable of exercising due care for her own safety.

A finding of contributory negligence of a girl six years of age, who was struck by the right rear mudguard of an automobile that had swerved to its left to avoid her when she was about in the middle of a street she was crossing, was not required where the automobile was ninety feet away when she started to cross the street and there was no evidence binding upon her as to whether she looked and saw the automobile as it approached.

That the operator of an automobile, when ninety feet from a child he could have seen starting to cross the street, continued at a speed of twenty-five miles per hour without giving any warning signal, turned to the left to avoid the child and struck him with the right rear mudguard when he was about in the middle of the street, warranted a finding of negligence on the operator's part.

A question asked in cross-examination of the defendant, the operator of an automobile, by his own counsel, "Having in mind the position of" the plaintiff upon a sidewalk and "her darting out or dashing out

in the manner in which you have described, was there anything else that you could have done, outside of the application of the brakes and turning the car to the left?" properly was excluded by the trial judge as calling for an expression of opinion.

Proper conduct in an emergency by the operator of an automobile does not relieve him of liability for negligent conduct creating the emergency.

TORT. Writ in the District Court of East Norfolk dated October 11, 1937.

Upon removal to the Superior Court, a verdict for the plaintiff in the sum of $3,000 was returned before *Donahue*, J.

*M. Z. Kolodny*, for the defendant.

*S. P. Sears*, (*E. R. Langenbach* with him,) for the plaintiff.

RONAN, J. The plaintiff, aged five years and eleven months, while crossing a public way in Quincy, at about eight o'clock on a pleasant evening in June, 1937, was struck by an automobile, operated by the defendant, and sustained personal injuries for which she recovered a verdict. The case is here on exceptions to the refusal of the judge to direct a verdict for the defendant, to his failure to give two requests for rulings, to the exclusion of evidence, and to portions of the instructions to the jury.

There was evidence that the defendant was proceeding at about twenty-five miles an hour, up grade, on his right side of the street, which was thirty feet wide between the sidewalks and over which he had usually travelled on his way home from work. He knew that there were vacant lots on each side of the street at about the place of the accident. He was aware that children were accustomed to play in the vicinity, and on prior evenings he had seen children going back and forth over the street. Just before the accident, a girl companion of the plaintiff had crossed the street and reached the sidewalk on the left side, going in the direction that the defendant was travelling, when the plaintiff left a group of children upon the right hand sidewalk and went into the street, running a little diagonally toward the other sidewalk and looking backwards at her companions but not facing the approaching automobile. The plaintiff was running at the rate of a brisk walk of a

man. It could be found that the defendant was about ninety feet away when he could have seen the plaintiff start across the street, but he continued along at the same speed, without giving any warning, and turned to his left in an effort to pass in front of her, and the plaintiff, who was then in the middle or a little past the middle of the street, came in contact with the right rear mudguard of the automobile. The defendant could have stopped the automobile in eighteen to twenty feet.

It could not be ruled as matter of law that a girl six years of age is too young to go unattended upon a public way, or that she is incapable of exercising care for her own safety. She is free from contributory negligence if she exercises the care of a prudent child of her age. *Miller* v. *Flash Chemical Co.* 230 Mass. 419. *Linnane* v. *Millman,* 261 Mass. 491. *Dirsa* v. *Hamilton,* 280 Mass. 482. *Capano* v. *Melchionno,* 297 Mass. 1. The plaintiff did not testify. We do not know whether she looked before she started to cross the street or whether she looked and reasonably thought she could reach the other side in safety before the automobile crossed her path or whether, when she looked, the automobile had then entered upon the street from the adjoining street where the intersection was only about fifty or sixty feet back from the place where the automobile was when she left the sidewalk. The plaintiff might have been in the exercise of due care even if she did not look or see the approaching automobile. *McDermott* v. *Boston Elevated Railway,* 184 Mass. 126. *Davicki* v. *Flanagan,* 250 Mass. 379. *McGuiggan* v. *Atkinson,* 278 Mass. 264. But the absence of any evidence binding upon her as to whether she looked or saw the automobile, considered by itself or in conjunction with the physical facts that led up to the accident as shown by the testimony, would not require a finding or a ruling that the plaintiff was contributorily negligent. *Dirsa* v. *Hamilton,* 280 Mass. 482. *Stacy* v. *Dorchester Awning Co. Inc.* 290 Mass. 356. Indeed, the lack of such evidence brings the case within the scope of G. L. (Ter. Ed.) c. 231, § 85, which gives the plaintiff the benefit of the presumption that she was careful, *King* v.

*Weitzman,* 267 Mass. 447; *Dirsa* v. *Hamilton,* 280 Mass. 482, and imposes upon the defendant the burden of proving that she did not exercise the care to be reasonably expected of a child of her age in like circumstances. *Brennan* v. *Boston Elevated Railway,* 261 Mass. 318. *DeFuria* v. *Mooney,* 280 Mass. 447. *Stacy* v. *Dorchester Awning Co. Inc.* 290 Mass. 356. Moreover, the plaintiff could rely to some extent upon the expectation that the defendant would act reasonably in operating his automobile. *Boni* v. *Goldstein,* 276 Mass. 372. *Desjarlais* v. *Kelley,* 299 Mass. 182. *Campbell* v. *Cairns,* 302 Mass. 584. The fact that she was struck by the side of the automobile is not decisive. It had been swung at a sharp angle to the left so that the forward part passed in front of her. *Butler* v. *New York, New Haven, & Hartford Railroad,* 177 Mass. 191. *Schneider* v. *DeChristopher,* 301 Mass. 241. *Milliman* v. *Coulter,* 301 Mass. 320.

If the jury found that the failure of the defendant to slow down was a violation of G. L. (Ter. Ed.) c. 90, § 14, and that it had a causal connection with the accident, they could properly consider such conduct as evidence of negligence. *Pawloski* v. *Hess,* 253 Mass. 478. *Wynn* v. *Sullivan,* 294 Mass. 562. Though § 14 does not now require the giving of a timely signal when approaching a pedestrian upon the travelled part of the way, the jury would have the right, in the circumstances appearing in the evidence, to find that the failure to give such a signal constituted negligence. *Puccia* v. *Sevigne,* 258 Mass. 234, 238. *Griffin* v. *Feeney,* 279 Mass. 602, 604. The jury also had the right to consider whether the defendant was acting reasonably in continuing his speed of twenty-five miles an hour in approaching a child less than six years of age, and in attempting to pass in front of her when he might have remained on his own side of the road where there was ample space to proceed without striking her. His failure to stop the automobile when, upon the evidence, he had ample opportunity to do so, and thus avert the accident, was also for the jury. There was evidence warranting a finding that the plaintiff's injury was caused by

the negligence of the defendant in failing to take reasonable precautions to avoid the collision. *Jean* v. *Nester,* 261 Mass. 442. *Mulroy* v. *Marinakis,* 271 Mass. 421. *Griffin* v. *Feeney,* 279 Mass. 602. *Conrad* v. *Mazman,* 287 Mass. 229. *Stacy* v. *Dorchester Awning Co. Inc.* 290 Mass. 356.

The defendant was called as a witness by the plaintiff, and was then interrogated by his counsel, who excepted to the refusal of the judge to permit the defendant to answer the following question: "Now, Mr. Strout, having in mind the position of the child upon the sidewalk, and having in mind her darting out . . . or dashing out . . . in the manner in which you have described, was there anything else that you could have done, outside of the application of the brakes and turning the car to the left?" The defendant relies upon *Robinson* v. *Springfield Street Railway,* 211 Mass. 483, where the plaintiff after a long cross-examination was allowed to answer the question (page 485): "Was there anything, Mr. Robinson, you could have done that you didn't do to have avoided this collision?" This court in the cited case, after pointing out that the true nature of the question was not clear, interpreted it to mean whether the witness could recall any further facts, rather than to elicit an opinion as to whether he did all that he could do to avert the accident. In the case at bar, the question was prefaced by a reference to the conduct of the plaintiff, which was unnecessary if the object of the inquiry was solely to enable the witness to state if he had done anything in the operation of the automobile other than applying the brakes and turning to the left. It would have been easy to frame a simple question to that end. The judge was right in construing the question, as apparently he did, as calling for an opinion and not for facts, and it was his duty to exclude a question so ambiguous as likely to call for the expression of an opinion by the witness. *Ellis* v. *Ellis,* 133 Mass. 469. Of course, the defendant could not pass upon the question of his own negligence. *White* v. *Ballou,* 8 Allen, 408. *Buxton* v. *Somerset Potters' Works,* 121 Mass. 446, 448. *Twomey*

v. *Swift,* 163 Mass. 273.    *Renwick* v. *Eastern Massachusetts Street Railway,* 275 Mass. 145.

The portion of the charge dealing with the contributory negligence of the plaintiff was adequate and correct and the exception thereto is untenable.    There was no error in failing to give in terms the two requests concerning her due care.    They were given in substance and the defendant was not entitled to anything more.    *Tripp* v. *Taft,* 219 Mass. 81, 84.    *Squires* v. *Fraska,* 301 Mass. 474.    The exception to that part of the charge relative to the care to be exercised in an emergency cannot be sustained. Proper conduct in an emergency is no defence to one whose negligence created the emergency.    *McBride* v. *Middlesex & Boston Street Railway,* 276 Mass. 29, 33.    *Crowley* v. *Fisher,* 284 Mass. 205, 207.

*Exceptions overruled.*