No. 2877          Northern          Middlesex, ss.

POST PUBLISHING CO          (Frank L. Rogers)
v. PERKINS          (William S. Kinney)

From the First District Court of Southern Middlesex—
Luby, J.

Argued April 28, 1941—Opinion filed June 4, 1941

WILSON, J. (Jones, P. J., and Sullivan, J.)—This is an action of contract in which the plaintiff seeks to recover on an account annexed for advertising alleged to have been published for the defendant.

At the trial, the plaintiff called only one witness, the credit manager in charge of the bookkeeping department of the plaintiff corporation. He testified that he had several conversations with one George H. Perkins in which conversations said Perkins represented himself to be the husband of the defendant and said his wife would pay for the advertisement; that as a result of said conversations, the advertisements enumerated in the declaration were published; and that during the period of several months covered by these publications, bills were mailed monthly to Dora's Havana Inn, Wayland, Mass. The witness further testified that he had never seen or talked with the defendant. This evidence was admitted *de bene* upon the assurance of the plaintiff's counsel that he would introduce evidence tending to show that said George W. Perkins was the agent of Dorothy W. Perkins in negotiating for said advertising. There was further evidence tending to show that a check signed by the defendant had been tendered to the plaintiff by said husband, and that payment of the same had been refused by the bank because of no funds. No evidence was introduced that the defendant was the person of whom said George H. Perkins claimed to be the husband or that the defendant was the person who signed said check. There was introduced in evidence a certified copy of a business certificate filed by one Dorothy W. Perkins, wife of George H. Perkins, to conduct the business known as Dora's Havana Inn, and a ledger account of the plaintiff company showing an account with Dorothy W. Perkins.

The defendant seasonably presented two requests for rulings:

(1) There was evidence in this case that would warrant a verdict for the defendant.

(2) The evidence in this case does not warrant a verdict for the plaintiff.

The court denied said requests for rulings and made a general finding for the plaintiff.

No specific findings of fact were made by the court.

[ 60 ]

The general finding for the plaintiff imports a finding of all subsidiary facts essential to that result so far as permissible on the evidence. *MacLeod* v. *David,* 290 Mass. 335, 338. And the finding of a trial judge will not be reversed by a court of review if it can be supported upon any possible view of the evidence. *O'Toole* v. *Magoon,* 295 Mass. 527. *Russo* v. *Foster,* Mass. Adv. Sh. (1940) 1 (24 BTL 127).

The burden of proof rested on the plaintiff to prove the contract relied upon in the plaintiff's declaration, and ordinarily a verdict cannot be directed for the party having the burden of proof when evidence is oral. *Stacy* v. *Dorchester Owning Co., Inc.* 290 Mass. 356. It follows that a finding could not be directed for the defendant because the case presented an issue of fact for the trial judge sitting as a fact finding tribunal, and the defendant's second request was properly refused.

In our opinion the defendant's first request falls within the rule laid down in *Bresnick* v. *Heath,* 292 Mass. 293, 298, and should have been given or a finding of specific facts should have been made by the trial judge, indicating that the ruling had become immaterial. Evidence that is uncontradicted has no superior legal quality, whatever its persuasive force may be. See *Topjian* v. *Boston Casing Co.,* 288 Mass. 167. The ruling referred to called the attention of the court to the sufficiency of the evidence upon which the plaintiff relied. It was a question of law upon which the trial judge should instruct himself in accordance with the ruling requested or he should find such facts as would clearly show the ruling had become immaterial.

We cannot say that the refusal to give said first ruling was without error prejudicial to the defendant. The case is remanded to the District Court and a new trial ordered.