# RESCRIPTS WITHOUT OPINIONS.

Pursuant to the requirements of G. L. (Ter. Ed.) c. 211, § 9, the Reporter publishes the following:

GEORGE D. ARGUS, administrator, *vs.* IRENE A. KOKKOROU. October 8, 1942. Decree affirmed. This is an appeal by the widow of Andritsos A. Corcorou, late of Lynn, from a decree of the Probate Court allowing the second and final account of the administrator of the estate of the deceased. The only objection made to the account as allowed by the decree is to a payment of $350 by the administrator for attorney's fees for services rendered to him. The evidence is reported. And there is a report of the material facts found by the judge. That report contains a finding, not inconsistent with other findings, that "a great part of the services performed" by the attorney "were beneficial to the estate, and that a reasonable charge therefor is $350." This finding was not plainly wrong on the evidence reported. No useful purpose will be served by stating or discussing the evidence. *Reed* v. *Reed*, 114 Mass. 372, 373. *Ecklund* v. *Ecklund*, 288 Mass. 517, 518. This finding supports the decree which must be affirmed.

*J. I. Yoffa, A. M. Yoffa, & C. A. Iannella*, for the respondent, submitted a brief.

No argument nor brief for the petitioner.

VERONICA MERNAGH *vs.* WILFORD LILLIE.[1] October 27, 1942. Exceptions overruled. In this action arising out of the collision of two automobiles there was no error in admitting the evidence of a "skid mark" fifty-one feet long observed on the surface of the roadway shortly (as could be found) after the accident and leading to "the right side" of the automobile in which the plaintiff had been riding. A finding that this mark had been caused by that automobile at the time of the accident would be supported by other evidence in the case and would be warranted notwithstanding evidence that the automobile had been moved before the marks were observed in a manner and to an extent which could be found to have been "straight back about one foot." The evidence as to this mark had some tendency to show what actually happened at the time of the collision. *Monaghan* v. *Keith Oil Corp.* 281 Mass. 129, 137. *Jackson* v. *Anthony*, 282 Mass. 540. *Hall* v. *Shain*, 291 Mass. 506. *Curtin* v. *Benjamin*, 305 Mass. 489, 492. *Wade* v. *Buchanan*, 306 Mass. 318, 321, 323. We find no error in the way in which it was presented and admitted. It is plain that there was evidence requiring the submission of the case to the jury. *White* v. *Calcutt*, 269 Mass. 252. *Beebe* v. *Randall*, 304 Mass. 207. We have considered all exceptions argued.

*J. M. Shea*, for the defendant.

*V. O. Coté*, for the plaintiff.