MEURLE H. ALLEN *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    March 14, 1912. — May 25, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DECOURCY, JJ.

*Evidence,* Competency, Medical books and opinions. *Witness,* Cross-examination. *Practice, Civil,* Exceptions, Conduct of trial, New trial. *Actionable Tort.*

Neither medical books, although of recognized authority, nor the opinions of medical experts, unless testified to by themselves as witnesses, can be received as evidence.

At the trial of an action of tort against a street railway company for personal injuries alleged to have been caused by a collision of cars, a medical expert testifying for the defendant cannot be asked in cross-examination whether he is familiar with any authorities which say that a certain disease, with which the plaintiff contends that he is suffering as a result of the accident, might come as the result of a blow, nor can he be asked questions about books written by persons other than himself.

At the trial of an action for personal injuries, where material issues were, whether the plaintiff had suffered any damage as alleged by him, and, if so, how much, the plaintiff's counsel improperly was allowed, against repeated objection and

exception by the defendant, in cross-examination of a medical expert called by the defendant to make inquiries regarding medical text books by medical writers other than the witness, the plaintiff's counsel framing his questions from such a medical treatise and displaying several medical books upon his table. The objectionable cross-examination filled more than five pages of the printed record. In his charge to the jury the judge instructed them, with emphasis and elaboration, not to consider the opinions expressed by the authors of the medical books, the context of the charge showing that he meant only that they were not to consider such opinions as bearing upon the medical questions raised in the case; but he did not strike out the incompetent evidence and the jury were left at liberty to consider such opinions as differing from those of the defendant's medical expert and so bearing upon the weight of his testimony. *Held,* that the defendant's exceptions should be sustained, since even after the charge the error remained prejudicial to the defendant.

Where, at the trial of an action of tort for personal injuries resulting from alleged negligence of the defendant in which the defendant does not admit that the plaintiff has been damaged, the trial judge commits error in the admission of incompetent evidence which is prejudicial to the defendant on the question of damages, a new trial should be ordered on all the issues of the case, since the plaintiff's right to recover at all depends upon whether he has suffered any damage.

Tort for personal injuries alleged to have been received by reason of a collision of trains of the defendant in the subway in Boston on October 28, 1905. Writ dated May 2, 1908.

In the Superior Court the case was tried before *Dubuque,* J. Material facts are stated in the opinion. The jury found for the plaintiff in the sum of $2,500; and the defendant alleged exceptions, which related only to certain portions of the cross-examination of Dr. Henry C. Baldwin, a medical expect who testified for the defendant.

*J. E. Hannigan,* for the defendant.

*J. P. Walsh,* for the plaintiff.

SHELDON, J. It hardly has been contended that the cross-examination of Dr. Baldwin was proper. The evidence thus obtained was plainly incompetent. It comes under the settled rule that neither medical books, though of recognized authority, nor the opinions of medical experts unless testified to by themselves as witnesses, can be received as evidence. *Ashworth* v. *Kittridge,* 12 Cush. 193. *Commonwealth* v. *Wilson,* 1 Gray, 337. *Washburn* v. *Cuddihy,* 8 Gray, 430. *Commonwealth* v. *Sturtivant,* 117 Mass. 122, 139. *Commonwealth* v. *Brown,* 121 Mass. 69, 81. *Commonwealth* v. *Jordan,* 207 Mass. 259, 271. That cross-examination was directed mainly to showing what the opinions of other medi-

cal authorities were as to the effect of the plaintiff's alleged injuries in causing the disease called diabetes mellitus. Upon the defendant's first objection to a reference to a book written by Dr. Davenport, the judge expressly ruled that the witness might be asked whether certain authorities did not express certain views and if that did not change his opinion, although the judge said also that the jury were not to consider what was said in Dr. Davenport's book. The defendant did not then except, and the cross-examination proceeded upon the same line. Finally the plaintiff's counsel asked whether the witness was familiar with any authorities which said that diabetes mellitus might come as the result of a blow, and the defendant now saved an exception (which afterwards was renewed) to this line of examination. The witness was asked also about books by one Naunyn and one Forscheimer, the questions being framed from a medical book written in German, which the counsel held in his hand. The whole effect of the cross-examination was to impress upon the minds of the jurors the idea that certain writers were men of eminence in medicine, whose opinions were of value, and that their opinions differed from the opinion to which the witness had testified. A course somewhat similar was attempted in *Commonwealth* v. *Jordan*, 207 Mass. 259, 271. There it was a material question whether a cut on the neck of a deceased person was made before or after death, the defendant claiming that it was made after death and that this was shown by the fact of an inverted edge. A medical witness testified for the Commonwealth that in his opinion it might have been made before death. He then was asked on cross-examination whether if a certain named professor in a medical school said that the inverted edge was evidence of a cut after death, that would change the witness's opinion. It was held that this question was rightly excluded, because it "would if allowed to be answered have placed before the jury in an indirect manner" the opinion of that professor. But in the case at bar the judge exactly reversed the rule which thus had been laid down.

The plaintiff contends that this error was cured by the fact that the judge, beside saying what already has been quoted, instructed the jury in his charge that they must not consider upon medical questions the opinions expressed by the authors of medical books, but only those stated by the physicians who had testified.

The admission of incompetent evidence is no ground for a new trial if before the case is given to the jury they are instructed to disregard it, and if there is no reason to apprehend that it finally did prejudice their minds. It will be presumed that they followed the instructions given to them and did not allow their minds to be affected by the evidence which had been withdrawn from their consideration. *Selkirk* v. *Cobb,* 13 Gray, 313. *Batchelder* v. *Batchelder,* 2 Allen, 105. *Whitney* v. *Bayley,* 4 Allen, 173. *Smith* v. *Whitman,* 6 Allen, 562. *Commonwealth* v. *Cunningham,* 104 Mass. 545. *Costello* v. *Crowell,* 133 Mass. 352, 355. *Anthony* v. *Travis,* 143 Mass. 58, 60. *Commonwealth* v. *Ham,* 150 Mass. 122, 124. *Commonwealth* v. *Thompson,* 159 Mass. 56, 59. *Clark* v. *Boston & Maine Railroad,* 164 Mass. 434, 439. *Commonwealth* v. *Cody,* 165 Mass. 133. *O'Brien* v. *Keefe,* 175 Mass. 274, 279. But this rule is not to be applied if it appears that real damage has been done to the excepting party or that the incompetent evidence was not sufficiently withdrawn from possible considera- tion by the jury. This was stated in many of the cases already referred to as well as in others. *Farnum* v. *Farnum,* 13 Gray, 508. *Commonwealth* v. *Edgerly,* 10 Allen, 184. *Commonwealth* v. *Keenan,* 152 Mass. 9. *Todd* v. *Boston Elevated Railway,* 208 Mass. 505, 506. *Lang* v. *Boston Elevated Railway,* 211 Mass. 492.

In the present case the objectionable cross-examination, against the repeated objection and exception of the defendant, was con- tinued so that as reported it covers more than five pages of the exceptions. Similar questions were put in different forms as to different treatises, ending with general questions calling for and eliciting answers as to any text books that might agree with the claim of the plaintiff, and accompanied by the display of several medical books on the table of the counsel. As in *Kaler* v. *Builders' Mutual Fire Ins. Co.* 120 Mass. 333, 335, "the effect, and as may reasonably be supposed the purpose," of counsel were to bring before the jury the opinions of others who were, it was suggested, persons skilled in such matters, and to lessen the weight of the witness's testimony by showing that their views were different from his. His testimony was not affected and the desired object was not attained unless this effect was produced by use of the in- competent means allowed to be resorted to. We should hesitate to say that even a broad instruction to the jury to disregard wholly

the evidence thus obtained would have cured the injury which had been caused to the defendant.

But no such instruction was given. The incompetent evidence was not stricken out, and the jury were not told to disregard it. They were merely instructed, with emphasis and elaboration it is true, not to consider the opinions expressed by the authors of medical books; and the context abundantly shows that this meant only that they were not to consider such opinions as bearing upon the medical questions raised in the case. All the evidence remained before them, and they were left at full liberty to consider these opinions as differing from those of Dr. Baldwin and so bearing upon the weight of his testimony. As in *Commonwealth* v. *Edgerly*, 10 Allen, 184, there was an inconsistency in the rulings, even as finally stated, and it cannot be said that the error in the admission of the evidence was cured.

The effect of this error may have been more than merely to affect the amount of the plaintiff's damages. Her right to recover at all depended upon the proof that she really had suffered injury. *Sullivan* v. *Old Colony Street Railway*, 200 Mass. 303. The error may have prejudiced the defendant upon this question. In our opinion justice requires that there should be a new trial of the whole case; and the order must be

*Exceptions sustained.*