HELEN BIRON GANLEY *vs.* EDWIN F. LAMSON, executor.

Middlesex.   January 15, 1931. — January 16, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Practice, Civil,* Ordering verdict, Charge to jury.

A motion, that a verdict be ordered in favor of the defendant at the trial of an action for use of the plaintiff's furniture, properly was denied where there was conflicting evidence, warranting a verdict

for either party, as to whether the parties had made a contract for such use.

In the absence of an exception to the charge to the jury at the trial of an action, it must be assumed by this court that correct instructions were given by the trial judge on all the issues involved.

CONTRACT. Writ dated February 1, 1930.

The action was tried in the Superior Court before *Greenhalge*, J. He denied a motion by the defendant that a verdict be ordered in his favor. There was a verdict for the plaintiff in the sum of $992. The judge reported the action for determination by this court.

*F. C. Zacharer*, for the defendant.

*A. L. Bourgeois*, for the plaintiff, was not called on.

RUGG, C.J. This is an action to recover for the use by the defendant's testatrix of furniture, belonging to the plaintiff, for a period of fifteen years ending with the death of the testatrix in March, 1929. The answer was a general denial, plea of payment and the statute of limitations.

There was testimony tending to show a contract for the use of the furniture as alleged. The defendant, after the decease of his testatrix, asked the plaintiff to come and get her furniture, and the plaintiff did so. The only question is whether the defendant's motion for a directed verdict ought to have been granted. There is no exception to the charge. The motion for a directed verdict was rightly denied. Whether there was a contract between the parties for the use of the goods was a pure question of fact. The evidence need not be narrated. It shows that on the somewhat conflicting testimony a verdict for either the plaintiff or the defendant would have been justified. It could not rightly have been directed. It must be presumed that correct instructions were given touching all the issues involved, including the bar of the statute of limitations.

In accordance with the terms of the report,

*The verdict is to stand.*