### JAMES J. V. CAMMISA *vs.* SOPHIE FERREIRA.

Bristol.    October 26, 1931. — October 27, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Pleading, Civil,* Declaration. *Practice, Civil,* Amendment, Waiver of defect in pleading. *Carrier,* Of goods.

Evidence, at the trial of an action of contract or tort against a common carrier, that the plaintiff delivered goods to the defendant for transportation and that the goods were damaged while in the defendant's possession, warranted a verdict for the plaintiff.

Although the declaration in an action of contract or tort contained several counts founded on breach of contract, with allegations of negligence in some of them and without an allegation that all counts were for one and the same cause of action, the defendant, who did not save an exception at the trial to the denial of a motion that the plaintiff be ordered to elect upon which count he would rely, but merely saved and alleged an exception to the denial of a motion that a verdict be ordered in his favor at the close of the evidence, was not entitled to contend in this court that the declaration was defective.

A motion, filed in this court by the plaintiff in the action above described, that he be permitted to amend the declaration by inserting a sentence to the effect that all the counts were for one and the same cause of action, was denied as unnecessary at that stage of the proceedings.

CONTRACT, originally against "Manuel Ferreira." Writ dated September 16, 1930.

In the Superior Court, the plaintiff was permitted to amend the action into one of contract or tort and to amend the writ by changing the designation of the defendant to "Sophie Ferreira, doing business under the firm name and style of M. Ferreira." The action was tried before *Weed,* J. The declaration and material evidence and motions by the defendant are described in the opinion. There was a verdict for the plaintiff in the sum of $1,050. The defendant alleged exceptions.

*H. A. Lider,* for the defendant, submitted a brief.

*G. Locus,* for the plaintiff.

RUGG, C.J. The writ, as amended, described this action as one of tort or contract. There were four counts in the

declaration but there was no allegation that all counts were for one and the same cause of action. G. L. c. 231, § 7, Sixth. *Hulett* v. *Pixley*, 97 Mass. 29. The cause of action set forth in all the counts was damage to the goods of the plaintiff by the defendant to whom they were entrusted. Two of the counts appear to be founded on breach of a contract for transportation of the goods from Fall River to Washington, D. C., and two counts on breach of a contract to transport and to store the goods in a suitable warehouse. There are also allegations of negligence in three of the counts. There is in law no objection to the combination of these counts in one declaration. *Flye* v. *Hall*, 224 Mass. 528, 529, and cases cited. For aught that appears the measure of damages was the same as to all the counts. At the close of the evidence the defendant requested the plaintiff to be ordered to elect upon which count he would rely. No exception was saved to the denial of that request. See *Clapp* v. *Campbell*, 124 Mass. 50. The defendant filed a motion for a directed verdict in her favor. This was refused. The defendant's exception to the denial of this motion presents the only question of law before us. There was evidence tending to show delivery of the goods of the plaintiff to the defendant and damage to those goods by the defendant. Manifestly a verdict could not have been directed in favor of the defendant. Advantage cannot be taken of possible misjoinder of counts or defects in pleadings this way and at this stage of the proceedings. All arguments of the defendant are directed to matters which might have been made the subject of requests for rulings. In the absence of such requests and of exceptions to the charge it must be assumed that adequate instructions covering all issues were given. *Townsend* v. *Hargraves*, 118 Mass. 325, 333. *Ganley* v. *Lamson*, 274 Mass. 236.

The plaintiff filed in this court a motion to amend the declaration by inserting a sentence to the effect that all the counts were for one and the same cause of action. G. L. c. 231, § 125. That motion is denied, because unnecessary at so late a point in the litigation.

*Exceptions overruled.*