GEORGE A. GARTLAND *vs.* JOHN J. FREEMAN.

Suffolk.    December 14, 15, 1931. — December 16, 1931.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Negligence*, Motor vehicle, In use of way. *Evidence*, Presumptions and burden of proof. *Practice, Civil*, Requests, rulings and instructions, Order striking out evidence, Mistrial, Exceptions.

At the trial of an action for personal injuries, there was evidence that the plaintiff, while crossing a street at night, looked and saw no motor vehicles until he was almost half way across, when he heard an automobile operated by the defendant approaching from his right; that he stopped and saw the automobile about thirty feet away, seeming

to veer directly toward him; and that the automobile, proceeding at more than thirty-five miles an hour, struck him with great force and caused him severe injuries, chiefly to his left leg. *Held,* that

(1) There was no merit in a contention by the defendant that the above description of the happening of the accident was "so improbable and absurd that it could not command the credence of right minded men when considered in connection with the injuries sustained": the single circumstance that the plaintiff was struck by an automobile approaching from his right while his injuries were chiefly to his left leg was not decisive that the plaintiff was not injured by reason of the negligence of the defendant;

(2) A verdict for the plaintiff was warranted.

During the examination in chief of the plaintiff at the trial above described, he testified that the defendant stated to him in an interview after the accident "that he was insured," and that he said to the defendant "I was married and I had a wife and child and things would go ———." The defendant at once objected and requested that the trial judge declare a mistrial. The judge refused the request, but forthwith instructed the jury that the statements should be struck out and disregarded by them. The defendant excepted. *Held,* that it must be assumed by this court that the instruction was followed by the jury, and the exception was overruled.

TORT. Writ dated December 29, 1927.

The action was tried in the Superior Court before *Beaudreau,* J. It appeared that the accident described in the opinion occurred on Washington Street near the corner of Green Street in that part of Boston known as Jamaica Plain. Other material evidence is stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in his favor. There was a verdict for the plaintiff in the sum of $10,000. The defendant alleged exceptions.

*J. W. Coughlin,* for the defendant.

*W. A. Fotch,* for the plaintiff.

RUGG, C.J. This is an action of tort to recover compensation for personal injuries alleged to have been received by the plaintiff through the negligence of the defendant. There was testimony tending to show that shortly after midnight the plaintiff started to walk across Washington Street from the easterly to the westerly side, first looking both ways for approaching automobiles and looking again after taking a few steps; that he saw none near him until almost half way across when, hearing "the hum of a motor"

approaching from his right, he stopped and saw the defendant's automobile about thirty feet away and it seemed to veer directly toward him, struck him and caused severe injuries; that he was thrown by the impact according to one witness over one hundred feet and according to another was pushed or rolled a distance of seventy feet and then the automobile ran over the plaintiff; that the defendant did not sound the horn of his automobile and was driving at a rate of thirty-five or more miles per hour. The injuries to the plaintiff were chiefly to his left leg, the bones of which were broken in at least two places.

The contention of the defendant that the description given by the plaintiff and his witnesses as to the happening of the accident was "so improbable and absurd that it could not command the credence of right minded men when considered in connection with the injuries sustained" cannot be supported. The single circumstance that the plaintiff was struck by an automobile approaching from his right while his injuries were chiefly to his left leg is by no means decisive that the plaintiff was not injured by reason of the negligence of the defendant. Whether the plaintiff may unconsciously have turned just at the instant of the impact and whether his injuries resulted from being thrown or rolled along were questions for the jury to determine. *Whiteacre* v. *Boston Elevated Railway*, 241 Mass. 163, 165. The plaintiff was not bound to show in precise detail what happened to him after being struck. *James* v. *Boston Elevated Railway*, 204 Mass. 158, 162. *Goodell* v. *Sviokcla*, 262 Mass. 317. *Barrett* v. *Checker Taxi Co.* 263 Mass. 252. *Pitts* v. *Coulson*, 265 Mass. 366.

During his examination in chief the plaintiff stated that the defendant came to see him at the hospital within a few days after his injury and told him "that he was insured," and also that at the same interview he said to the defendant: "I was married and I had a wife and child and things would go ——." When each of these statements was made counsel for the defendant at once objected and requested that the judge declare a mistrial. In each instance the judge refused this request but forthwith instructed the jury

that the statement should be stricken out and disregarded by the jury. It must be assumed that these instructions were followed. *Allen* v. *Boston Elevated Railway*, 212 Mass. 191, 194. *Buoniconti* v. *Lee*, 234 Mass. 73. *Commonwealth* v. *Cooper*, 264 Mass. 368, 374. No exception was taken to the charge and it must be presumed that adequate instructions covering every material aspect of the case were given. *Ganley* v. *Lamson*, 274 Mass. 236. *Cammisa* v. *Ferreira*, 277 Mass. 141.

*Exceptions overruled.*