MARTIN MCNALLY, executor, *vs.* CATHERINE M. CLARE.

Norfolk.     November 18, 1932. — November 22, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Probate Court,* Decree: revocation. *Res Judicata. Unsound Mind.*

The will of a husband was filed on May 23. On June 18, there was filed what purported to be a waiver by the widow of the provisions of the will. The will was allowed on June 23. The widow purported to execute a will on June 19, and died on June 26. A petition for allowance of the widow's will was filed on July 1 and one named as a beneficiary therein filed an appearance in opposition, contending that she was not competent to make the will, and, on motion by the executor named therein, such appearance was struck from the record. The widow's will was allowed on September 29. On October 2, the executor of and sole remainderman under the will of the husband filed a petition that the alleged waiver by the widow be declared null and void because of incapacity to execute it, and, after a hearing, a decree as prayed for was entered on the next March 10 which was affirmed by this court in December. The next month the executor of the will of the widow sought to have revoked the decree allowing the will of the widow, and that a decree be entered granting a rehearing on the petition for its allowance. The petition was dismissed. The petitioner appealed. *Held,* that

(1) The two decrees of September 29 and of March 10 were not necessarily inconsistent, the parties not being the same and the subject matter not necessarily being the same;

(2) It did not appear that the petition for rehearing disclosed evidence newly discovered by the petitioner as to the capacity of the widow to make her will;

(3) No error of law was disclosed in the dismissal of the petition.

PETITION, filed in the Probate Court for the county of Norfolk on January 2, 1932, and described in the opinion.

The petition was heard by *McCoole*, J.   Material facts
are stated in the opinion.   From a decree dismissing the
petition, the petitioner appealed.

*S. P. Coffman*, for the petitioner.

*J. J. Cox*, for the respondent.

RUGG, C.J.   This petition filed on January 2, 1932, by
the executor of the will of Bridget Hurley sets out that he
filed a petition on July 1, 1930, for the allowance of the will
of Bridget Hurley;  that the present respondent, Catherine
M. Clare, a beneficiary under said will, appeared in opposi-
tion to its allowance;  that the petitioner filed a motion to
strike her appearance from the record;  that she filed an
answer to said motion setting out that she was a benefi-
ciary and that the deceased was unable to make a will on
the date thereof because of physical and mental disability;
that his motion to strike her appearance from the record
was allowed and a decree entered allowing the will on Sep-
tember 29, 1930;  that on a petition in equity brought by
Thomas Whelan as executor of, and the present respondent
as sole remainderman under, the will of Daniel Hurley, to
declare a waiver of the provisions of said will of Daniel
Hurley, filed by said Bridget Hurley, widow of Daniel
Hurley, null and void on the ground of her mental and
physical disability, a decree was entered in accordance with
its prayer declaring the waiver null and void.   (See *Whelan
v. McNally*, 277 Mass. 391.)   The petition alleges that these
two decrees are in conflict one with the other.   The prayers
of the petition are that the court will revoke its decree of
September 29, 1930, allowing said will, and grant a rehearing
on the petition for probate of said will of Bridget Hurley.
Decree was entered after hearing dismissing this petition.
The petitioner appealed and asked for a report of the
material facts.   That report recites in substance the facts
already narrated and further that Daniel Hurley died on
April 14, 1930, that his will was filed on May 23, 1930, and
allowed on June 23, 1930, that his widow, Bridget Hurley,
on June 18, 1930, waived the provisions of his will and
claimed the portions of his estate to which she would have
been entitled if he had died intestate, that this waiver was,

upon petition filed on October 2, 1930, and after hearing, declared null and void by decree entered on March 10, 1931; that Bridget Hurley executed her will on June 19, 1930, died on June 26, 1930, and her will was allowed without opposition on September 29, 1930.

No error of law is disclosed on the face of this record. The parties to the proceeding in equity brought by the executor of the will of Daniel Hurley and the present respondent as sole remainderman under that will to declare null and void the waiver of Bridget Hurley of the provisions of that will are not the same as those to the present proceeding. Therefore the decree in that case is not *res judicata* as to any issue raised on the present petition. The present petition does not allege evidence bearing upon the mental capacity of Bridget Hurley, newly discovered since the allowance of her will. The entry of the decree declaring her waiver of the provisions of her husband's will null and void was not newly discovered evidence. Existence of evidence, subsequently found sufficient to require that decree, was disclosed to the petitioner by the answer of the respondent to his motion to strike out her appearance in opposition to the allowance of the will of Bridget Hurley filed prior to the allowance of that will. The situation is that the petitioner, having sought a decree allowing the will and the court having entered a decree in his favor on that point, can hardly now on the facts shown ask the court to set it aside. The issue raised on the petition to declare the waiver null and void was different from the issue raised on the petition to allow the will of Bridget Hurley. It is quite conceivable that a widow may have mental capacity to make a comparatively simple will and yet not have sufficient understanding to comprehend the nature of a waiver of the provisions of the will of her husband. *Sutcliffe* v. *Heatley,* 232 Mass. 231, 232. *Daly* v. *Hussey,* 275 Mass. 28, 29.

*Decree affirmed.*