FRED E. STRICKER *vs.* FLORENCE SNOW SCOTT.

Hampden.    September 22, 1932. — May 22, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Evidence*, Competency, Res inter alios. *Practice, Civil*, Exceptions: whether error harmful. *Probate Court*, Decree.

A decree, entered in a probate court upon a petition by a wife for separate maintenance and in the following form: It "appearing to the court that said petitioner is not for justifiable cause actually living apart from her said husband: It is ordered that said petition be dismissed"; was incompetent evidence at the trial of an action, begun two years later, by the husband against a third person for alienation of the affections of his wife.

After twice excluding the decree above described during a trial of the action which occupied eight court days, the trial judge admitted it, but at the close of the evidence and before the closing arguments by counsel, withdrew it, stating that its admission had been under a mistaken view of the evidence and instructing the jury in the following language: "I am going to withdraw that exhibit from this case; and I ask you, not academically, but positively, to consider that exhibit withdrawn, and not to consider it in any way in your deliberations on this case, being of the opinion as the evidence now stands it has no probative value." Upon an exception by the defendant, it was *held*, that the error in the admission of the decree was corrected by the peremptory instructions of the trial judge to the jury.

TORT.    Writ dated January 14, 1929.

In the Superior Court, the action was tried before *Collins*, J.   Material evidence and the single exception by the defendant are described in the opinion.   There was a verdict for the plaintiff in the sum of $35,000.   The defendant alleged an exception.

*H. M. Ehrlich*, for the defendant.

*C. R. Clason*, (*A. R. Simpson & G. J. Callahan* with him,) for the plaintiff.

RUGG, C.J.    The plaintiff seeks in this action of tort to recover damages alleged to have been sustained by him by reason of alienation of his wife's affections and for loss of consortium.   The writ was sued out in January, 1929.

The exceptions present a very narrow point. Testimony was admitted without exception to the effect that early in 1927 the wife of the plaintiff brought against him a petition in the Probate Court for separate support, that there was a hearing on that petition at which both the plaintiff and his wife testified, and that the wife lost her case. There was offered in evidence a certified copy of the decree upon that petition containing this: "it appearing to the Court that said petitioner is not for justifiable cause actually living apart from her said husband: It is ordered that said petition be dismissed." This copy was offered and excluded by the trial judge at least twice during the trial (which occupied eight court days) but finally was admitted subject to the exception of the defendant. Two days later, at the close of the evidence but before arguments of counsel, the trial judge of his own motion addressed the jury stating that he admitted it under a mistaken view of the evidence, and proceeding in these words: "I am going to withdraw that exhibit from this case; and I ask you, not academically, but positively, to consider that exhibit withdrawn, and not to consider it in any way in your deliberations on this case, being of the opinion as the evidence now stands it has no probative value." The single exception is to the admission of the copy of the decree. The copy was not competent evidence and ought not to have been admitted. It was the final disposition of a litigation to which the defendant was not a party. It was not a proceeding *in rem* which bound everybody whether a party to it or not. It had no bearing upon the state of mind of the plaintiff's wife toward him. It simply showed the decision of the judge. The outcome of the proceedings in that petition had no relevancy to the present action. The plaintiff is not aided by anything decided in *Claffey* v. *Fenelon*, 263 Mass. 427, 431, 432. That case arose respecting the trial of an issue as to the soundness of mind of an alleged testator, where considerable latitude is allowed, and the evidence as to a court record was admitted without exception. It was not pertinent to show bias on the part of the plaintiff's wife as a witness. The fact of the litigation was all that

was permissible in this particular, and that was in evidence without exception. Evidence as to the nature of the relations between the husband and wife was competent. *Sherry v. Moore*, 258 Mass. 420, 423. The facts of the petition and of the trial were in evidence. The decree itself did not bear upon the conjugal attitude of each to the other. The case is controlled by *Barney v. Tourtellotte*, 138 Mass. 106, where it was held, in an action to recover for the board of the defendant's wife and child, that a decree of the Probate Court that the wife was living apart from the husband for justifiable cause was not admissible. There is nothing in *Gibson v. Soper*, 6 Gray, 279; *Brown v. Brown*, 209 Mass. 388, 394–395; *Giedrewicz v. Donovan*, 277 Mass. 563, or *McNally v. Clare*, 281 Mass. 82, to support the plaintiff's contention.

We think, however, that this error in the admission of the decree was corrected by the peremptory instructions of the trial judge to the jury. It was said in *Allen v. Boston Elevated Railway*, 212 Mass. 191, 194, with affluent citation of supporting authorities: "The admission of incompetent evidence is no ground for a new trial if before the case is given to the jury they are instructed to disregard it, and if there is no reason to apprehend that it finally did prejudice their minds. It will be presumed that they followed the instructions given to them and did not allow their minds to be affected by the evidence which had been withdrawn from their consideration. . . . But this rule is not to be applied if it appears that real damage has been done to the excepting party or that the incompetent evidence was not sufficiently withdrawn from possible consideration by the jury." *McKenna v. Fielding*, 272 Mass. 341, 345. *Gartland v. Freeman*, 277 Mass. 520, 523. It is unfortunate when it becomes necessary in the course of a trial to instruct a jury to disregard and banish from their minds evidence once admitted. *Newman v. Newman*, 211 Mass. 508, 509, 510. But jurors are a part of the court. It is presumed that they follow instructions of the trial judge. The instructions in the case at bar were strong and unmistakable, not halting or ineffective. *London v. Bay*

*State Street Railway*, 231 Mass. 480, 486. *Commonwealth v. Cabot*, 241 Mass. 131, 150–151. This is not one of the exceptional instances where it can reasonably be thought that the impression made upon the minds of the jury by the incompetent evidence was so deep, pervasive and enduring as not to have been effaced by the explicit direction of the trial judge. *Throckmorton* v. *Holt*, 180 U. S. 552, 567.

The amount of the verdict has no bearing upon this question of law. The evidence as to damages is not reported and no exception was saved on that point. If the verdict was excessive, the remedy was by a motion to set it aside.

*Exceptions overruled.*