Donovan, J.
These are two actions of “contract or tort” in each of which the plaintiffs, all employees of the defendant, seek to recover the value of their clothes and the tools of their craft, which were contained in a reconverted passenger car provided by the defendant for the use of the plaintiffs, which car and the contents thereof, including the plaintiffs’ clothes and tools, were destroyed by fire on May 24, 1943.
In each cáse the plaintiffs’ déclaration, as amended, consists of five counts, four of which allege a breach of a contract of bailment and one of which alleges a breach of a contract of letting.
Asserting their right to recover severally against the defendant because the right of action of each arose out *200 of the same matter, transaction or occurrence, ten persons are joined as parties plaintiff in the case of Harold Kennedy, et als. vs. the defendant (hereinafter called the Kennedy ease), and seven persons are joined as parties plaintiff in the- case of Patrick Moran et als. vs. the defendant, (hereinafter called the Moran case), as permitted by chap. 350 of the Acts of the Legislature of Massachusetts of 1943.
Both actions were tried together on the same evidence as to liability. The defendant seasonably filed eighteen substantially identical requests for rulings of law in each case. Thereafter, by leave of court, the defendant filed six additional requests for rulings of law in each case, all of which, except additional request No. 6, being substantially identical. In each case the trial judge denied original requests Nos. 1, 5, 11 and 18, and in the Kennedy case- denied additional requests Nos. 2, 3, 4 and 6, and in the Moran case denied additional requests Nos. 2, 3 and 4 and found for each of the plaintiffs in both cases. The defendant claims to be aggrieved thereby and claims to be further aggrieved by the manner in which the court dealt with its original requests for rulings Nos. 2, 6, 10', 14, 15 and 17 in each case.
Both actions come to this division by way of a consolidated report. A general adjudication of the rulings as a result of which the defendant claims to be aggrieved, except the ruling made in connection with additional request No. 6 in the Kennedy case, will serve as adjudication of all such rulings in both cases.
The defendant, in the first instance, contends that the court having granted its original request No. 6, the substance of which is that the evidence compels a finding as a matter of law that no bailment was created between the *201 parties, and having granted its additional request No. 5 the substance of which is that there is no evidence to warrant a finding of letting, the plaintiffs did not prove the cause of action set up in their declarations and that the court erred when it found that the contract between the parties was one of license for a consideration and that, therefore, the findings for the plaintiffs in each case should be vacated and findings for the defendant should be entered.
It is clear from the report that these cases were fully tried on the basis that on May 24,1943 the plaintiffs had the joint use of a certain reconverted passenger car provided for them by the defendant as a place in which to wash up, change and keep their clothes and the tools of their craft under a contract of some sort that existed between the plaintiffs and the defendant and that what the plaintiffs sought in their actions against the defendant was damages for the loss of some of their clothes and tools caused by the defendant’s breach of a duty which arose by virtue of said contract and that if any of the plaintiffs were entitled to recover all of them were so entitled. The report does not disclose that any question of pleading, as such, was raised at the trial, nor is such a question reported specifically to this division. In these circumstances a misdescription in the plaintiffs’ declaration, as amended, of the nature of the contract entered into by the parties was not fatal to the plaintiffs’ right to recover, and it was open to the trial judge to determine the kind of a contract made by the parties. Upon review of the action of the trial judge by this division, it was not open to the defendant to raise the question of variance between the pleadings and the proof nor the question whether the findings and. rulings made by the trial judge .fitted the pattern of the *202 pleadings. Moskow v. Burke, 255 Mass. 563 at 568. Weiner v. D. A. Schulte, Inc., 275 Mass. 379, at 384, and cases cited. Cammisa v. Ferreira, 277 Mass. 141. When, as here, the whole case was tried, including issues not pleaded the general findings made by the trial judge will stand if warranted by the evidence. Madden v. Boston Elevated Railway Co., 284 Mass. 490.
The evidence amply warranted a finding by inference, if not otherwise, that it was part of the plaintiffs ’ contract of employment that the defendant would provide for their joint use a place to be used by them jointly as a headquarters in which to report for work, wash up> change and keep their work and street clothes and the tools of their craft. It clearly appears that the defendant did provide the plaintiffs with such a place which the plaintiffs used for such a purpose; in the first instance, a room located in the defendant’s East Cambridge engine house and that all the plaintiffs were furnished with a key to said room; that some time in late April or early May, 1943 the plaintiffs, as maintenance of way employees of the defendant, commenced the work of repairing the defendant’s draw bridges over the Mystic River, at or about which time the plaintiffs, upon order of the defendant, transferred their headquarters to one of the defendant’s passenger ears which was reconverted for the ■purpose; that this reconverted passenger car-was divided crosswise by a partition; that each end of the car was equipped with hooks upon which the plaintiffs hung their clothes, beneath which each plaintiff' placed his tool box in which he kept the tools of his craft, and that a stove with two tanks for the purpose of heating water for the use of the plaintiffs was installed in each end. of the car, to which all the plaintiffs were furnished with a key; that *203 the plaintiffs in the Kennedy case, known as the day crew, with Kennedy as foreman, had the use of the west end of said car and that the plaintiffs in the Moran case, known as the night crew, with Moran as foreman, had the use of the east end thereof, and that the defendant retained control and ownership of said car. It does not appear that the plaintiffs paid any rent, or that any deduction from their pay was made for the use of the car. In this situation, and on May 24,1943 shortly after 6:30 p. m., when a fire in said car destroyed the car and that portion of the plaintiffs’ clothes and tools then located in the car, the relationship which existed between the defendant and the plaintiffs in connection with the plaintiffs’ use of the car was, as matter of law, we think, that of licensor and licensees. Roberts v. Lynn Ice Co., 187 Mass. 402. See Three Fields Garage, Inc. v. Hurtz Drive-Ur-Self, Stations, Inc; Mun. Court City of Boston, 29 App. Div. 154. White v. Maynard, 111 Mass. 250. Lowell v. Strahan, 145 Mass. 1. Albiani v. Evening Traveler Co., 220 Mass. 20.
In the circumstances here appearing the defendant as licensor had the right to revoke the license granted to the plaintiffs at any time and this even though the license was granted for a consideration, but in so doing it owed to the plaintiffs the duty of affording them either before or after the revocation, a reasonable opportunity to remove their personal property from the licensed premises, and failure to perform this duty would entitle the plaintiffs to recover whatever damage they sustained thereby. See 25 Cyc. 647 to 649. Ruggles v. Lesure, 24 Pick. 187. Giles v. Simonds, 15 Gray, at 443 and 444. Fletcher v. Livingston, 153 Mass. 388 at 390.
Whether the defendant in the instant ease revoked the license granted to the plaintiffs and afforded or failed to *204 afford them a reasonable opportunity to enter the licensed premises and remove their personal property therefrom are questions of fact.
There was evidence tending to show and the court could have found that when it was discovered that a fire in the reconverted car in which the plaintiffs’ clothes and tools were located was in progress two of the plaintiffs in the Moran case ran to the location of the car which was about one-quarter of a mile from the point where they were working; that upon arriving at the car the fire was then confined to two tool boxes located in a corner of car; that at least one of them made an attempt to enter the car by the use of his key and the other by breaking a window, for the purpose of saving clothes and tools of all the plaintiffs ; that they were ready, willing and able so tas do but that they were forbidden and prevented from so doing by order of the defendant’s assistant supervisor Winn who said that to open the car would cause it to “blow up” or “go up” and that would be dangerous for the men if they entered the car and dangerous to the defendant’s property; that about ten or fifteen minutes after the fire was discovered the plaintiff Moran and one or two others of his crew went to the car and that upon their arrival at the car the fire did not seem very large and appeared to be all in one corner; that the smoke was not thick enough to prohibit one from looking into the car and that clothing could be seen through the windows of the car; that nothing was done by the defendant or anybody acting for the defendant to put the fire out until the firemen got there which was from fifteen to thirty minutes after the fire was discovered during which time the fire had not progressed much and was still confined to one corner of the car but was then *205 going through the roof thereof at that point and that upon the arrival of the firemen there was no fire in the end of the car where the clothes and tools of the plaintiffs in the Kennedy case were located; that when the firemen broke the windows and the door of the car it did not “blow up” or “go up” but that the fire did ultimately destroy the car and the contents thereof.
The court found specifically that the fire was not of such a nature as to endanger the lives of the persons who were ready, willing and capable of removing the property in question when denied the right to do so by the defendant’s assistant supervisor who failed to carry out the duty owed by the defendant to the plaintiffs in that, in view of all the circumstances, he unreasonably prevented the removal of the plaintiffs’ property from said car and that the loss of the property was due to the supervisor’s negligence in preventing the salvaging of the property in question when it could reasonably have been salvaged and that the plaintiffs were not negligent.
All of these findings we think were amply warranted by the evidence and are final and not reviewable by this division. Adamaitis v. Metropolitan Life Ins. Co., 295 Mass. 215 at 221 and eases cited.
The court could well have found that the failure of the defendant’s assistant supervisor to permit entrance into the car in question for the purpose of removing the plaintiffs’ clothes and tools did not amount to a revocation of the plaintiffs ’ license to use the car. That if anything it was a temporary suspension of their license so to do because of what apparently appeared to the defendant’s assistant supervisor to be an emergency but which, because of Ms lack of reasonable judgment in the circumstances, was not of *206 the proportion assumed by him. But this did not relieve the defendant of its duty to afford the plaintiffs, or those acting for them, a reasonable opportunity in the circumstances to enter the car and remove the plaintiffs’ clothes and tools therefrom, and as found by the trial judge the defendant’s assistant supervisor, acting for the defendant, having negligently failed to do so the defendant is liable to the plaintiffs for the loss sustained by them.
In view of what we have here said, and the findings made by the trial judge, the denial of the defendant’s original request No. 1 that there was no breach by the defendant of any legal duty owed to the plaintiffs was proper, as was the denial of its original request No. 5 that the finding must be for the defendant (a) because of no breach of any contract by the defendant, and (b) because the defendant was not negligent.
The defendant’s original request No. 11 was properly denied because it was based upon only fragmentary parts of the evidence, and original request No. 18 was likewise properly denied for the reason that it was predicated in part on facts not found by the trial judge and in part upon law not applicable to the facts found by him.
We find no error in the manner in which the court treated the defendant’s original requests No. 2 and 10, both of which were to the effect that the evidence warranted the finding of certain facts favorable to the defendant, and both of which were granted, — No. 2 with the notation “It warrants such a finding but does not compel it and I do not so find,” and No. 10 with a memorandum of findings of fact which clearly indicates that the court did not find the facts upon which this request was predicated. Nor do we find any error in the manner in which the court treated *207 the defendant’s original requests No. 14, 15 and 17, all of which, although granted, were rendered immaterial by the findings of fact made by, the trial judge in connection with each of said requests.
The defendant’s additional request No. 2 was properly denied because not predicated on facts found by the court.
Although the court did not rule specifically on the defendant’s additional requests No. 3 and 4 the legal effect of which is that they must be treated as denied, it is clear that the denial of these requests was not error prejudicial to the defendant because the memorandum of findings made by the court in connection with each of said requests rendered both of them immaterial.
The denial of the defendant’s additional request No. 6 in the Kennedy case to the effect that the evidence warranted a finding for the defendant as a matter of law because there was no evidence that the defendant at any time refused access to the plaintiffs to enter the car and remove their property was properly denied. It clearly appears, we think, that in view of the basis upon which the cases were tried, and in view of the fact that all the plaintiffs had the joint use of said car, that those plaintiffs who attempted to enter the car, and those present with them, had the right to act for all the plaintiffs and were ready, willing and able to do so and if not prevented by the defendant’s assistant supervisor might have saved or salvaged the property of all of the plaintiffs in both cases. Report dismissed.