IDA GARNICK & another *vs.* EASTERN MASSACHUSETTS STREET RAILWAY COMPANY & another.

Middlesex. November 6, 1952. — December 1, 1952.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

Practice, Civil, Comment by judge; Exceptions: whether error harmful. Witness, Bias. Error, Whether error harmful.

At the trial of an action for injuries resulting from a collision between an automobile owned and operated by the plaintiff and a motor bus of the defendant, after a passenger on the bus called as a witness by the defendant had testified favorably to the defendant and the plaintiff's counsel, to show bias on the part of the witness, had elicited from her that she had made a claim against and been paid money by the defendant, it was error prejudicial to the plaintiff for the judge to make to the jury and later to emphasize in the charge a remark, wholly unfounded on the evidence, that the witness had also made a claim against and been paid money by the plaintiff.

TORT. Writ in the Superior Court dated January 12, 1949.

The action was tried before *Meagher, J.*

*Robert H. Goldman*, for the plaintiffs.

*Joseph M. Hargedon*, for the defendants.

COUNIHAN, J. This is an action of tort in several counts by Ida Garnick and her husband Isidore against the Eastern Massachusetts Street Railway Company, hereinafter called the company, and one Primeau, the operator of one of its buses, for personal injuries and property damage by Ida and for consequential damages by Isidore. The claims arose out of a collision on August 2, 1948, of a motor bus of the company, operated by Primeau, and an automobile owned and operated by Ida on Westford Street at the intersection of Sayles Street in Lowell. The action was tried to a jury who returned verdicts for the defendants on all counts. The action is here upon certain exceptions of the plaintiffs to the exclusion of evidence offered by the plaintiffs, to the denial of a motion for a new trial, and to certain remarks of the judge to the jury during the course of the trial.

These remarks occurred during the examination of Phyllis Nannis, a passenger in the bus, called by the company as a witness. Before the remarks were made the following questions were asked the witness Nannis by counsel for the defendants: Q. "I call your attention to this paper here which says 'release.' Is that your signature on that?" A. "Yes, it is." Q. "And is that your husband's signature?" A. "Yes, it is." Counsel for the defendants then offered the release. Upon objection by counsel for the plaintiffs, Mr. Goldman, both counsel conferred with the judge at the bench after which the judge addressing the jury said: "Gentlemen, in this particular case, you have heard evidence in answer to questions by Mr. Goldman of this witness that she made a claim against the Eastern Mass. Street Railway Co., and that she was paid something in connection with that. As far as that evidence — at the time I told you, only went to the credibility of this witness as to affect her bias, prejudice, and in her testimony as to its truthfulness. Now, it appears that she made a claim against both the driver of this automobile, and the Eastern Mass. Street Railway, and that both paid her for her injuries which she suffered. That claim by this witness, and

that payment, is not any evidence of liability in this case. It is only as it affects the credibility of this witness in your opinion."

Counsel for the plaintiffs then said, "May I save my exception, your Honor, for the purposes of the record, and point out that there is no evidence that my client paid anything as your Honor said to the jury a moment ago; that Mrs. Garnick paid anything."

Later in his charge to the jury the judge said, "And in connection with that, let me say right at this moment, in my own language that here a witness was asked questions relating to claims and payments made against and by both parties here. Those, questions only affect the weight you shall give her testimony. The fact that payment was made determines nobody's liability in this case in your mind. The law is interested in the compromising of claims. Also, the law permits some evidence to be admitted for restricted purposes, not for all its possible purposes. This evidence is restricted only to what effect it has on your judgment on her credibility, and the weight you shall give her particular testimony."

The original remarks of the judge were not withdrawn at any time during the trial.

It does not appear that the release offered by the defendants was admitted in evidence and there was no evidence that the witness Nannis had ever made any claim against Mrs. Garnick or that she had been paid anything by Mrs. Garnick on account of the accident.

The defendants argue that the interpretation of the release was a matter for the judge to rule upon and, while this may be true, it is of no effect because the release although offered was not admitted and did not become part of the evidence. They also argue that, because the judge ruled and later charged that the matters referred to in his remarks only affected the credibility of the witness, this was a collateral issue and therefore it was within the discretion of the judge to comment upon it. We assume without deciding that this contention might be correct if the release

or any testimony as to the alleged payment by Mrs. Garnick to the witness was in evidence. In the absence of such evidence the remarks of the judge were improper.

We are of opinion that these remarks constitute reversible error. Up to the time they were made the jury might have believed, because of payment to the witness by the company, that she was prejudiced in favor of the company. The effect of the remarks of the judge was to neutralize this impression and make it appear that because of payment to her by the plaintiff Ida she was unbiased and free from prejudice in favor of any of the parties. The jury for this reason might well have given added credence to her testimony which tended to support the position of the defendants.

It is true that "The admission of incompetent evidence is no ground for a new trial if before the case is given to the jury they are instructed to disregard it, and if there is no reason to apprehend that it finally did prejudice their minds." *Allen* v. *Boston Elevated Railway*, 212 Mass. 191, 194. That is not the case here.

In *Lang* v. *Boston Elevated Railway*, 211 Mass. 492, it appeared that the judge made two statements to the jury, one during the course of the trial and one in his charge. At page 494 it was said, "It will be observed that there was no express withdrawal of the remarks first made to the jury. If there was inconsistency in the two statements it cannot be known which statement the jury followed. We think that the original remarks were not sufficiently withdrawn either expressly or by fair implication." In the instant case, as we have said, not only were the remarks complained of not withdrawn by the judge but added emphasis was given them by the judge in his charge.

Because of the conclusions we have arrived at a new trial must be had. We deem it therefore unnecessary to consider the other exceptions of the plaintiffs since they are not likely to arise in the course of another trial.

*Exceptions sustained.*