*Northern District*

No. 5556 and No. 5556-A

**RAYMOND CERIA**
v.
**JOHN LITSIS**

**JOHN LITSIS**
v.
**RAYMOND CERIA**

(December 28, 1961)

*Present:* Brooks, P. J., Eno, Kelleher and Connelly, JJ.

Case tried to *Harrington, J.,* in the First District Court of Essex (Salem).

*Brooks, P. J.* No. 5556 is an action in

tort for conversion. No. 5556-A is an action of contract. Except as follows, it is not necessary to report the evidence in either case since both matters come to this Court on a ruling of the Trial Court on the admission of criminal records of the plaintiff Ceria in one case and the defendant Ceria in the other case, over the objection of opposing counsel.

The circumstances under which these records were introduced are related in the Trial Judge's findings and in his report. The first case to be brought to Court was Litsis v. Ceria. For that reason, presumably, counsel for Litsis was the first to proceed in the trial. He called defendant Ceria for examination as to his signature on a note which he admitted. Thereupon, he rested. Subsequently, Ceria was examined by his own counsel as to other matters, — then re-examined by counsel for Litsis who started to introduce the criminal records against Ceria. After discussion in the Judge's Lobby, the records were admitted over objection of Ceria's counsel who duly claimed a report in writing. These records, which it is unnecessary to recite in detail, were both voluminous and damaging.

The Court found in each case in favor of Litsis. The pertinent part of the finding so far as concerns the issue before us is as follows: "During the cross-examination of the plaintiff Ceria, defendant introduced over the objections of the plaintiff's attorney certain records of criminal convictions of the

plaintiff. Independent of these records, the Court concluded that the plaintiff's testimony was untruthful in reference to the essential elements of the case and, therefore, has given no weight to his testimony in arriving at a decision."

The report contained all the evidence material to the questions reported.

In the case of Ceria v. Litsis, Ceria claimed "to be aggrieved by the said admission of the criminal records of conviction." In Litsis v. Ceria, Ceria claimed "to be aggrieved by the finding of the Court and by the admission of the criminal records of conviction of Ceria."

Since no Requests for Rulings were filed by either party in either case, a complaint of the finding as such does not lie. This leaves before us two questions:

1. Was the court in error in admitting the criminal records?

2. Was there prejudicial error in such admission?

If the re-examination of Ceria could be related to Litsis' original examination, Ceria was plaintiff's witness and counsel had no right to impeach him. The admission of the records was error. G. L. c. 233, s. 23. *Labrie v. Midwood*, 273 Mass. 578, 582.

On the other hand, if because Ceria's counsel in his own examination was introducing a different subject, then Litsis' re-examination related to a matter raised by Ceria's

own counsel upon which he, Litsis, was cross-examining Ceria, he then might not be considered as having been called by Litsis' counsel within the meaning of §23. In that case, counsel would not be impeaching his own witness, and there would be no error in the admission of the records.

Be that as it may, the trial judge in his finding made it quite clear that independent of the criminal records, he regarded plaintiff as untruthful in his testimony. Since the only affect the introduction of such records can legally have is to reflect on the witness' credibility, if that credibility is otherwise destroyed they add nothing to the case and do not affect the outcome. The judge's statement means that he would have found against Ceria, — records or no records. While his language to this effect does not appear in the finding in Litsis v. Ceria, it is equally applicable to that case.

Where a case is tried to a jury, the judge can rectify wrongful admissions of evidence by instructing the jury to disregard this evidence. *Stricker v. Scott,* 283 Mass. 12, 14. Where he, himself, is the jury, he certainly can accomplish the same result by what in effect is instructing himself.

No prejudicial error being disclosed. Report is to be dismissed.

William E. O'Brine of Salem, for Ceria.
Albert R. Pitcoff of Salem, for Litsis.