NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-882

MICHEL NASSIF

vs.

ALEXANDER TUAN-QUANG NGUYEN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a Superior Court civil trial, a jury found that, during a violent exchange stemming from an incident of road rage, the defendant, Alexander Tuan-Quang Nguyen, committed a battery against the plaintiff, Michel Nassif, but had not committed intentional infliction of emotional distress (intentional infliction).  Nassif now appeals, arguing that he should be granted a new trial because the judge erred in admitting parts of Nguyen's testimony that should have been precluded by collateral estoppel.  Seeing no error, we affirm the judgment.

Background.  After the road rage incident, Nguyen was convicted in the District Court of assault and battery and of

threatening to commit a crime based on his conduct against Nassif. Nassif then brought this case against Nguyen to recover damages for battery and intentional infliction of emotional distress.[1] The judge concluded that, under the principle of collateral estoppel, Nguyen was precluded from relitigating the three elements of battery already determined in his criminal trial: that Nguyen used force against Nassif, did so intentionally, and acted without justification or excuse.[2] The only issue left for the jury to consider regarding the battery claim was whether Nguyen's use of force caused Nassif injury or harm and, if so, the extent of Nassif's damages. In contrast, the judge determined that none of the issues in Nassif's civil claim for intentional infliction had been previously litigated in the criminal case. Thus, the judge agreed to permit Nguyen to testify to his version of the events as it related to contested issues, subject to a limiting instruction.

---

[1] Nassif's original complaint included claims for intentional infliction on behalf of each of his two children who witnessed the battery. These claims were dismissed at trial as the children were not available to testify.

[2] Although no evidence in the record shows that Nguyen argued self-defense or other excuse or justification at the criminal trial, we assume, as did the judge and both parties at the trial of this action, that the issue of justification or excuse was litigated in Nguyen's criminal trial.

At trial, Nguyen testified that Nassif had charged at him, yelling, cursing, and "swinging." Then, Nguyen responded by punching Nassif in the face, and when Nassif continued throwing punches, Nguyen punched Nassif two or three more times, knocking him unconscious. Additionally, during opening statements, Nguyen's counsel argued "that [] Nassif threw a punch at [Nguyen] that came up behind his head," to which Nguyen responded by punching Nassif in the face. Nguyen's counsel repeated this line of argument during his closing.

The jury returned a verdict for Nassif on his claim for battery and awarded him $10,000 in damages. The jury also answered "yes" to three out of four questions concerning intentional infliction, finding that Nguyen intended, knew, or should have known his conduct would inflict emotional distress; that his conduct was extreme and outrageous; and that the conduct caused Nassif emotional distress. Yet on the fourth intentional infliction question, the jury answered that the distress Nassif suffered was not "severe and of a nature that no reasonable person could be expected to endure." Accordingly, the jury returned a defense verdict on that count. Nassif appealed.

Discussion. "When a party on direct appeal seeks reversal and a new trial . . . we apply to preserved claims of error the

3

well-known 'prejudicial error' standard of review."[3] Wahlstrom v. JPA IV Mgt. Co., 95 Mass. App. Ct. 445, 448 (2019). "[I]f there has been an error, we will reverse and, where appropriate, order a new trial unless we can 'say with substantial confidence that the error would not have made a material difference.'" Id., citing DeJesus v. Yogel, 404 Mass. 44, 49 (1989).

1. Error. First, we consider whether it was error for the judge to admit Nguyen's testimony in light of the collateral estoppel effect of Nguyen's conviction. We see no error.

Offensive collateral estoppel "occurs when a plaintiff seeks to prevent a defendant from litigating issues which the defendant has previously litigated unsuccessfully." Pierce v. Morrison Mahoney LLP, 452 Mass. 718, 730 (2008). "[A] party to a civil action against a former criminal defendant may invoke the doctrine of collateral estoppel to preclude the criminal defendant from relitigating an issue decided in the criminal prosecution." Aetna Cas. & Sur. Co. v. Niziolek, 395 Mass. 737, 742 (1985). Collateral estoppel "does not require mutuality of parties, so long as there is an identity of issues, a finding adverse to the party against whom it is being asserted, and a

---

[3] Although we doubt whether Nassif's brief comment to the judge before empanelment was sufficient to preserve his objection to Nguyen's testimony, we assume in Nassif's favor that it was.

4

judgment by a court or tribunal of competent jurisdiction."
Miles v. Aetna Cas. & Sur. Co., 412 Mass. 424, 427 (1992).
"Ultimately, fairness is the decisive consideration in
determining whether to apply offensive issue preclusion"
(quotations and citations omitted). Pierce, supra. In
reviewing such a decision, "[w]e afford the trial judge wide
discretion" (quotation and citation omitted). Id. at 731.

Here, the judge determined that offensive collateral
estoppel precluded Nguyen from contesting that he intentionally
used force against Nassif without justification or excuse, i.e.,
that he committed a battery. But, as Nassif acknowledged at
oral argument, the previously litigated elements of criminal
battery do not overlap with the elements of intentional
infliction. So, the judge correctly determined that Nguyen was
not precluded from contesting any element of the intentional
infliction claim. See Polay v. McMahon, 468 Mass. 379, 385
(2014) (plaintiffs alleging intentional infliction required to
show (1) defendant "intended, knew, or should have known that
his conduct would cause emotional distress"; (2) "conduct was
extreme and outrageous"; (3) "conduct caused emotional
distress"; and (4) "emotional distress was severe");
Commonwealth v. Porro, 458 Mass. 526, 529 (2010) (assault and
battery is "the intentional and unjustified use of force upon

5

the person of another").  Thus, the judge properly permitted Nguyen to testify to his recollection of events, at least as they related to the intentional infliction claim.

Nassif argues, however, that in so doing, the judge allowed Nguyen to assert that Nassif was the initial aggressor, thereby suggesting to the jury that Nguyen had a justification or excuse for punching Nassif.  We are unpersuaded.  Although the judge recognized that Nguyen's testimony could be used "to justify or excuse his conduct," the judge addressed this concern by providing clear, forceful limiting instructions, which we presume the jury followed.  Harris-Lewis v. Mudge, 60 Mass. App. Ct. 480, 490 (2004).  He instructed the jury that they "must accept the first three elements of [Nassif's] battery claim as having been proven" and more specifically that "[Nguyen] used force against [Nassif], . . . intentionally, and . . . without justification or excuse."  The judge gave similar instructions to the venire prior to jury selection and to the jury after closing arguments and when explaining the verdict slip.  The judge also drafted a verdict slip that asked the jury only about properly contested issues.  Indeed, the verdict slip treated as a given that Nguyen had engaged in "unjustified and unexcused use of force" and asked only whether Nassif had proved that this caused him harm and, if so, what damages were appropriate.

6

Nassif did not object to these measures or suggest they were insufficient to protect him from prejudice on the battery claim.

Nguyen did testify that Nassif came at him and "immediately started swinging," but he did not argue that this was a justification or excuse for his own conduct. To the contrary, during closing argument, counsel for Nguyen stated that Nguyen was "responsible for the punches."

Nguyen's recollection of the events was relevant to the contested issues, especially the issue whether his conduct was so "extreme and outrageous" as to amount to intentional infliction. See Polay, 468 Mass. at 385. It was within the judge's discretion to determine that preventing Nguyen from testifying to his recollection of events would be unfair to Nguyen, whereas allowing that testimony, accompanied by limiting instructions, would not be unfair to Nassif. See Pierce, 452 Mass. at 731. Thus, the judge properly permitted Nguyen to testify to his recollection of events so he could defend himself against Nassif's intentional infliction claim.

2. Prejudice. Even if it had been an abuse of discretion for the judge to admit Nguyen's testimony, the testimony did not unfairly prejudice Nassif. See Wahlstrom, 95 Mass. App. Ct. at 448. Out of all the questions on the verdict slip, the jury answered "no" only to the question asking whether Nassif's

7

emotional harm was "severe and of a nature that no reasonable person could be expected to endure it." That question addressed the degree and type of emotional harm Nassif suffered from the incident, not the parties' conduct during the incident. Nguyen's testimony, which related almost exclusively to his recollection of the incident, would not have prejudiced the jury on the question of the severity and nature of Nassif's emotional distress.

Additionally, the judge took care to mitigate potential prejudice to Nassif by providing clear, forceful limiting instructions, which we presume the jury followed. Harris-Lewis, 60 Mass. App. Ct. at 490. Nonetheless, Nassif argues that we should not follow that presumption, because "real damage ha[d] been done." Allen v. Boston Elevated Ry. Co., 212 Mass. 191, 194 (1912). The "real damage" Nassif points to is the admission of the testimony itself, which he suggests could have led the jury to believe that he was the initial aggressor. The jury found, however, that Nguyen's conduct during the battery was in fact extreme and outrageous and that it caused Nassif emotional distress, demonstrating that they were able to evaluate rationally the individual strengths and weaknesses in Nassif's case. See Commonwealth v. Butler, 445 Mass. 568, 576 (2005) (that jury acquitted defendant of one charge indicated that jury

8

heeded judge's limiting instructions).  Thus, even if it had been error for the judge to admit Nguyen's testimony, the verdict was unaffected.

<u>Judgment affirmed</u>.

By the Court (Sacks,
Englander & Walsh, JJ.[4]),

Clerk

Entered: July 8, 2025.

---

[4] The panelists are listed in order of seniority.